Amos P. Reed, Plaintiff in Error, *v.* Henry F. Eames, Defendant in Error.

ERROR TO LA SALLE COUNTY COURT.

Under a chattel mortgage, the mortgagee must take possession of the property upon the default of payment of the debt. Suffering property to remain with a mortgagor after a default in payment, is a fraud *per se*, not subject to explanation.

Where parties live in the same town or county, one day after default would be a reasonable time within which to take possession of mortgaged property. In general, what would be deemed a reasonable time must be determined by the situation of the parties.

The word " so," in the proviso to the act respecting chattel mortgages, has reference to the two years of time, meaning that, if the conveyance so expresses it, the property may remain with the mortgagor two years.

This was a replevin for a top-chaise or gig, brought in the La Salle county Court by Eames, against Reed.

The declaration is in the usual form.

Pleas were,

1st. *Non detinet,* general issue and *similiter.*

2nd. Property in defendant, and replication.

A jury was waived by agreement of parties, and the cause submitted to the court for trial upon an agreed statement of facts, set out in the opinion. The court found the issues for the defendant, and assessed his damages at one cent.

Defendant moved for a new trial, which was overruled by the court, and the defendant excepts to the decision of the court in overruling said motion.

The court, CHAMPLIN, Judge, rendered judgment for the plaintiff for one cent damages and costs.

Errors assigned:

1st. The court erred in overruling the defendant's motion for a new trial.

2nd. Eames not having taken the possession of the property from Cornell in a reasonable time after the mortgage debt became due, the property was subject to the levy of Constable Gregg, and so the court erred in rendering judgment for the plaintiff, when, by the law of the land, the judgment should have been for the defendant.

OLIVER C. GRAY, for Plaintiff in Error.

W. H. L. WALLACE, for Defendant in Error.

BREESE, J. This was an action of replevin, brought in the La Salle county Court by Eames, against Reed, for a chaise or gig. The issue was *non detinet* and property in the defendant, and found for the plaintiff, Eames, by the court, a jury having been waived, on the following agreed facts:

1st. That the property replevied was, on the 1st day of July, A. D. 1856, the property of Oliver Cornell, and he remained in possession until January 10th, 1857.

2nd. That on the 4th day of November, A. D. 1856, Cornell was indebted to Eames, the plaintiff, in the sum of $400, and to secure such indebtedness, Cornell, on the day last aforesaid, executed to Eames a note for $400, and a chattel mortgage on the property in controversy, which mortgage was duly acknowledged and recorded according to law, on that day. The note was due in one month after date, and the mortgage provided that the possession of the property should remain with Cornell until default.

3rd. That, in July, 1856, Cornell & Stevens were indebted to Dennis Welch; that, in October, A. D. 1856, Welch procured

judgment on said indebtedness against Cornell & Stevens, before A. A. Fisher, Esq., a justice of the peace of said county. An appeal was taken from said judgment, by Cornell & Stevens, to the Circuit Court of said county, and said appeal was dismissed on the 20th day of November, A. D. 1856, and on the 29th day of December, A. D. 1856, an execution was issued by said justice on said judgment, no execution having been issued on said judgment before that time; that said execution was delivered to D. R. Gregg, a constable, and was by him levied on the property mentioned in the declaration, on the 10th day of January, A. D. 1857, the property advertised and sold by the said constable, and bought at said sale by the defendant; that said plaintiff was absent from the State from the 15th day of December, A. D. 1856, until about the 1st of March, A. D. 1857, and that said mortgage debt remains unsatisfied.

On the principle of the cases of *Thomson* v. *Davenport and Henderson*, 1 Scam. R. 296; *Kitchell* v. *Bratton*, ibid. 300; *Rhines* v. *Phelps et al.*, 3 Gilm. R. 460, and *Powers* v. *Green*, 14 Ill. R. 386, the court erred in its finding.

Twyne's case, Coke's Rep., Book 3, Folio 80, is the substratum of these decisions, and we believe that it is founded on good sense and good policy. That case was, that if a deed is absolute on its face, the property remaining with the grantor is evidence of fraud.

In this mortgage the property was to remain with the grantor until default should happen in the payment of the note it was given to secure, which note was payable one month after date, and dated on the 4th of November, 1856.

This was the agreement of the parties by their deed, and that deed placed on record, thereby giving notice to all of the kind of tenure by which the party in possession of the property actually held it. After the 4th day of Dec., Eames became the absolute owner of the property, and he was bound to take it into possession. Possession must accompany ownership, that being one of the strongest evidences of title to personal property. Suffering property to remain in the hands of the vendor or mortgagor, after default, is a fraud, because the real ownership being in one person, and the ostensible ownership in another, gives the latter a false credit.

Some courts have held that such facts are open to explanation —that they are, at most, but evidence of fraud. We think the better rule is—the safest and founded in the best policy—to hold that such facts constitute fraud *per se*, and not to be explained, and to this extent are the cases cited above.

The fact that the mortgagee was absent from the 15th of December, 1856, to the 1st of March, 1857, cannot change the

rule. He had from the 4th of December, the day of the maturity of the note, until the 15th, eleven days, within which to take possession, and nearly one month before the judgment and execution under which the plaintiff in error claims.

Where parties live in the same town or county, one day after default would be a reasonable time within which to take possession of the property so situated, and an agent should be at hand for such purpose. In general, what would be a reasonable time, would be determined by the situation of the parties, their vicinity and facilities of intercourse. No general rule can be laid down for such cases.

It was urged on the argument, that by the act respecting chattel mortgages, R. L. 1845, Chap. 20, they are valid as a security for two years, and therefore the right of the mortgagee cannot be disturbed until the expiration of two years. The language of the act is, Section 3, " Any mortgage of personal property, so certified, shall be admitted to record by the recorder of the county in which the mortgagor shall reside, at the time when the same is made, acknowledged and recorded; and shall thereupon, if *bona fide*, be good and valid from the time it is so recorded, for a space of time not exceeding two years, notwithstanding the property mortgaged or conveyed by deed of trust, may be left in possession of the mortgagor. *Provided,* that such conveyance shall provide for the possession of the property *so* to remain with the mortgagor."

Had the mortgage in this case provided that the possession of the chattels should remain with the mortgagor two years, and not become absolute on default, there would be no doubt or difficulty in the case, but it provides the contrary, that it shall be absolute on the maturity of the note, and default made.

The word " so," has reference to the two years of time, and not the mere fact of remaining in possession; meaning, if the conveyance so expresses it, that the property may remain with the grantor two years.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

CATON, C. J., did not sit in this case.