## AMOS ATKINS

### *v.*

## THOMAS BYRNES.

1. REPLEVIN—*requisites of plea of property in the defendant, or a third person.* If a defendant pleads property in himself, or a third person, he must, in the same plea, traverse the plaintiff's allegation of right.

2. In such case, the allegation of property in the defendant, or a third person, is only considered as inducement to the traverse of the plaintiff's right, and the plaintiff must take issue on the traverse, and not on the in-

ducement, and on such an issue the substantial matter in dispute is, the right of the plaintiff to the property. The plaintiff holds the affirmative of the issue, and must sustain his right or fail in the action.

3. What the plaintiff must prove, the defendant is at liberty to disprove, and this he may do by showing a state of facts inconsistent with the plaintiff's claim.

4. CHATTEL MORTGAGE — *acquiring possession.* Where a party, who held a chattel mortgage on certain property, issued a distress warrant, and caused his bailiff to take possession of the property under the authority of the distress warrant, the possession thus acquired was legally the possession of the landlord and mortgagee, and he did not thereby release any lien which he had upon the property by virtue of his chattel mortgage.

5. He could, as against the rights of all but third parties, whose interests had attached before the property was so taken, subject the same to the payment of either or both liens.

6. SAME—*priority of lien, when determined by prior possession.* Where two parties have chattel mortgages on the same property, and they both permit the property to remain in the possession of the mortgagor an unreasonable length of time after the maturity of their respective mortgages, they can not, as against the claim of a third party, enforce them; but, as against each other, the one first acquiring possession of the property is entitled to priority of lien.

7. LANDLORD AND TENANT—*right to distrain not waived by taking note and chattel mortgage for rent due.* The acceptance of an obligation of an inferior, or even of an equal degree, does not extinguish a prior obligation, unless such is the express agreement of the parties, and rent issuing out of the realty is of a higher obligation than any simple contract.

8. Hence, the execution of a promissory note for rent due, and a chattel mortgage to secure its payment, does not operate as a waiver of the right to enforce payment by distress.

9. SAME—*when landlord may distrain before the expiration of the term.* Where, by the terms of the lease or contract of renting, the rent becomes due before the expiration of the term, the landlord is authorized to distrain when it is due, and is under no obligation to wait until the expiration of the term.

10. ERROR WILL NOT ALWAYS REVERSE—*striking replication from the files.* Although a replication may be improperly stricken from the files, yet, if the same evidence was admitted under issues which were formed as would have been admissible under an issue upon the replication so stricken from the files, the error will not be ground for a reversal.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. DAVID GILLESPIE, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The plaintiff's right to the property in controversy is based upon a chattel mortgage executed to him by William A. Skeen, the original owner of the property, on the 29th day of June, 1868, to secure the payment of a promissory note for $333 in 90 days from that date.

The defense interposed is, first, that William Cool was entitled to the property under a prior mortgage, subject to which the plaintiff's mortgage was taken; second, that the defendant, at the time the plaintiff sued out his writ, held the property as a distress for rent, by virtue of a distress warrant issued by William Cool against William A. Skeen, and directed to him as bailiff. The mortgage to Cool was executed on the 21st day of September, 1867, to secure the payment of a promissory note for $250 one year and fifteen days from date. The distress warrant was issued on the 8th day of January, 1869, and was executed by taking the property in controversy from the possession of Skeen on the 9th day of the same month. Prior to that time, the plaintiff had not reduced the property to his possession under his chattel mortgage, but had suffered the same to remain in the possession of Skeen.

The court, at the instance of the defendant, instructed the jury as follows:

" The court instructs the jury that the plaintiff in this case claims title to the property under a chattel mortgage, executed by one William A. Skeen to the plaintiff, bearing date

June 29, 1868, which mortgage is made subject to a mortgage executed by said Skeen to one Wm. Cool.

"The defendant claims title by virtue of a distress warrant issued by Cool to him on the 8th day of January, 1869, and by virtue of which he levied upon the property in question as the property of said Skeen.

" Defendant also sets up title in Wm. Cool under the chattel mortgage mentioned in the chattel mortgage under which plaintiff claims. Upon this state of facts, the court instructs the jury as follows:

" 1. If the jury believe, from the evidence, that. at the time of the commencement of this suit, Wm. Cool held a valid mortgage upon the property in question, and that this mortgage was made prior to the execution of the mortgage under which plaintiff claims, and that plaintiff took his mortgage subject to the mortgage of Cool, and that, at the time of the commencement of this suit, said mortgage from Skeen to Cool, or a portion of it, was unpaid, then the jury will find for the defendant, upon the issue of property in Wm. Cool, and this, although Cool may never have taken possession under his mortgage, (amended,) unless he has lost the same by his *laches.*

" If the jury believe, from the evidence, that the defendant, at the time of the commencement of this suit, held the property under the distress warrant in evidence before the jury, and at the time of levying said distress warrant the property in question was in possession of said Wm. A. Skeen, and that the rent mentioned in said distress warrant, or a portion of it, was then due to Cool; and if the jury further believe, from the evidence, that the debt mentioned in the chattel mortgage, executed by said Skeen to plaintiff, had been due for the space of two months and upwards, at the time of levying said distress, and that said plaintiff had suffered the said Skeen to remain in possession of said prope⸱ for said time after said debt became due, then the jury w

find for the defendant upon the issue presented by the fifth plea.

"If the jury believe, from the evidence, that Atkins allowed Skeen to remain in possession of the property in question for the space of three months after the same became due, and that during said time Cool obtained possession of said property under a valid distress, then the jury will find for the defendant."

It is insisted by the plaintiff that these instructions are erroneous, because—

*First*—The defendant did not take the property under the chattel mortgage.

*Second*—The chattel mortgage was not competent evidence to maintain the issue under either plea.

*Third*—The evidence shows that the chattel mortgage was paid.

*Fourth*—That there was not. in fact, a valid distress, and the question of whether the distress warrant was valid, is, by the last instruction, improperly left to the jury.

It was said, in *Anderson et al.* v. *Talcott*, 1 Gilm. 371, "that, if the defendant pleads property in himself, or a third person, he must, in the same plea, traverse the plaintiff's allegation of right. In such case, the allegation of property in the defendant, or a third person, is only considered as inducement to the traverse of the plaintiff's right, and the plaintiff must take issue on the traverse, and not on the inducement. On such an issue, the substantial matter in dispute is, the right of the plaintiff to the property. The plaintiff holds the affirmative of the issue, and must sustain his right or fail in the action. What the plaintiff must prove, the defendant is at liberty to disprove. This he may do by showing a state of facts inconsistent with the plaintiff's claim."

The pleas here are broad enough to comprehend the entire ground of the defense. Under the plea of property in Cool, it was competent to give in evidence his interest under his

chattel mortgage, in connection with evidence of the possession of the property, either by himself or his agent.  *Cleaves* v. *Herbert,* 61 Ill. 126.

We are of opinion that, although the defendant took the property from Skeen as bailiff, under the authority of the distress warrant, yet his possession was legally that of Cool, under whose direction and for whom he was acting, and that Cool did not thereby release any lien which he had upon the property by virtue of his chattel mortgage.  He could, consequently, subject the property, as against the rights of all but third parties whose interests had attached before the property was taken, to the payment of either or both liens.

Both the plaintiff and Cool had permitted the property to remain in the possession of the mortgagor an unreasonable length of time after the maturity of their respective mortgages, and, as against the claim of a third party, could not enforce them ; but, as against each other, under the circumstances, the one first acquiring possession of the property was entitled to priority.

Although the plaintiff might have availed of Cool's *laches* to take the property under his mortgage, he neglected to do so in apt time, and did not attempt to assert his rights until the property was seized by the defendant.  This was too late. *Constant* v. *Matteson,* 22 Ill. 558.

We do not think the evidence satisfactorily shows that Cool's mortgage was paid before he caused the property to be taken.  The possession of the note by the plaintiff on Skeen is *prima facie* evidence to that effect, but nothing more. Cool swears positively that the balance, after deducting two credits, amounting to $170, was still due upon it, and that it had got out of his possession by accident.  The justice of the peace in whose possession the note seems to have been at one time, does not contradict him, but the impression his evidence creates is, rather to confirm that of Cool.  Neither the plaintiff nor Skeen swears to its payment, which they would scarcely have declined to do, had such been the fact.

We are unable to yield our assent to the position contended for by counsel, that the execution of a promissory note for rent due, and a chattel mortgage to secure its payment, operates as a waiver of the right to enforce payment by distress.

In *Bates* v. *Nellis*, 5 Hill, 651, it was held, where a tenant, at the time of receiving his lease, executed a bond and warrant of attorney as collateral security for the rent, on which judgment was afterwards entered up, that this was not an extinguishment of the landlord's remedy by distress. The general principle applicable is, that the acceptance of an obligation of an inferior, or even of an equal degree, does not extinguish a prior obligation, unless such is the express agreement of the parties; and that rent, issuing out of the realty, is of a higher obligation than any simple contract. *Cornell* v. *Lamb*, 20 Johnson, 407; Taylor's Landlord and Tenant, sec. 565.

We do not read the distress warrant as the counsel does, when he says that it appears from it that the rent for 1868 was not due when the warrant was issued. As copied in the record, the warrant, after stating that the sum of $30 is due for prior rent, after deducting the payments, amounting to $170, proceeds: "And also for the use and occupancy of the same land above described for the year commencing 1st of March, 1868, and terminating 1st of March, 1869, at the sum of $10 per acre, making therefor the sum of $200, which said sum is now due and owing to me, as also the first mentioned sum." If the rent, by the terms of the lease or contract of renting, was due before the expiration of the term, the landlord was authorized to distrain when it was due, and was under no obligation to wait until the expiration of the term. *Buckley* v. *Taylor*, 2 Term R. 600; *Russell* v. *Doty*, 4 Cowen, 576.

The indorsement of the amount on the writ, by the defendant, was evidently by mistake, but it could no more change the amount appearing upon the face of the writ, than could the like indorsement by a sheriff or constable upon an execu-

tion change the amount of the judgment for the collection of which it is issued. It could, at any time, be corrected to conform to the facts, or, indeed, so far as we are able to perceive, the indorsement might be entirely erased without detriment to the rights of the parties.

We are, therefore, of opinion that the instructions were not erroneous, and that the plaintiff did not clearly establish his right to the property, either as against the chattel mortgage of Cool, or the lien of the distress warrant.

The court erred in striking the plaintiff's replication to the defendant's second plea from the files, but this in no manner prejudiced the rights of the plaintiff. The same evidence was admitted under the issues as they were joined, that could have been properly admitted had issue been joined on that replication. The error was trivial, and is not ground for reversal.

Perceiving no substantial error in the record, the judgment is affirmed.

*Judgment affirmed.*