## JOSEPH ARNOLD

*v.*

## HENRY STOCK.

1. CHATTEL MORTGAGE—*when mortgagee must take possession.* The mortgagee in a chattel mortgage is not required to take possession of the mortgaged property, in order to hold it against creditors and subsequent purchasers of the mortgagor, until the expiration of the days of grace on the note which the mortgage is given to secure.

2. Where the last day of grace on a note, secured by chattel mortgage,

is Saturday, there is no breach of the condition of the mortgage requiring the mortgagee to take possession, until the following Monday.

3. SAME—*reasonable time allowed mortgagee to take possession after condition broken.* The mortgagee in a chattel mortgage is entitled to a reasonable time, after condition broken, within which to take possession of the mortgaged property; and what is such reasonable time depends upon the situation of the parties and the circumstances attending the particular case.

4. SAME—*purchaser of mortgagor before condition broken.* A purchaser of personal property from a mortgagor before condition broken, takes it subject to the mortgage, and is and can be in no better position in relation thereto than the mortgagor himself.

5. A purchaser from a mortgagor before the maturity of the mortgage debt, occupies the same relation to the mortgagee that the mortgagor does, and can not be heard to dispute the right of the mortgagee to possession of the property, after the maturity of the debt, on the ground of *laches* in not reducing it to possession as soon as the indebtedness matured.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. N. M. BROADWELL, for the appellant.

Messrs. HAMILTON & RICE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action of replevin, before a justice of the peace of Sangamon county, against appellant, to recover a mare. A trial before the justice resulted in a judgment in favor of defendant, and that he have return of the property. Plaintiff removed the case to the circuit court by appeal, where a trial was had on an agreed state of facts, by the court without a jury, by consent of parties. The trial resulted in a judgment in favor of plaintiff, and defendant appeals to this court.

It appears, from the agreed facts in the case, that the mare in controversy belonged to one John Prince, and that he, on the 21st day of April, 1875, gave to appellant his promissory note for $100, loaned money, due on the 1st day of July following. He, at the same time and of even date, executed a mortgage on the mare to secure its payment. It was duly acknowledged and recorded in the proper office.

On the 20th day of June, following, Prince sold the animal to one Myers, for $50, and he, on the 25th of the same month, sold her to appellee for $70. On the next day appellee loaned her to Fisher, who used her until appellant took her into possession on the 6th of July. Prince fled the county before the note became due and it has not been paid. On the 3d of July appellant went to Prince's to see if the mare and other property were there, but finding she was not, he continued his search, and in the evening of that day found her in Fisher's stable in the city of Springfield. The 4th was Sunday, and Monday, the 5th, was celebrated as the 4th by the people of the city .On the 6th appellant demanded the mare of Fisher, under his mortgage, and Fisher delivered her to him, and thereupon appellee sued out the writ of replevin. These are the agreed facts in the case.

The only question pressed by appellee in support of his judgment is, that appellant did not use due diligence in reducing the mare to possession, after his mortgage matured. On the other hand, it is claimed that, inasmuch as the maker had three days of grace on the note, which did not, under any view of the law, mature until the last portion of time of Saturday, had the 4th not have been Sunday, Prince would have had all of that day as one of the days of grace within which to have paid the note. In this view appellant is certainly correct. as the statute so provides. It then follows, that the note not being due until midnight between the 3d and 4th, appellant had no right to take possession on the third, nor was he required to do so on Sunday, it not being a business day; nor was he required or authorized to disturb Fisher by demanding the animal on that day. Hence he had no right to proceed to obtain the possession of the mare before Monday, the 5th of the month.

Was he, then, required to reduce the animal to possession on that day or lose all right to her? It has been repeatedly held, that a person purchasing chattels under a mortgage duly acknowledged and recorded, before the mortgage matures, takes it subject to the mortgage, and acquires the rights only of the

mortgagor.   A person thus purchasing takes with notice, actual or constructive, of the incumbrance, and subject to it. He is not a *bona fide* purchaser without notice.   He acquires but the rights of the mortgagor, and takes his place.   He can claim the same rights, and no more, than the mortgagor.   As the mortgage was valid and binding between the mortgagor and mortgagee until the mortgage debt is paid, the purchaser before the maturity of the debt takes the property subject to the same conditions.   The mortgagor can not be heard to say that the mortgagee has lost any right because he was not diligent in taking the property into possession, nor can his vendee who purchases before the debt matures.

Such a purchase does not depend on the same rule that governs where the purchase is made of the mortgagor in possession after condition broken.   As the property vests in the mortgagee on the maturity of the mortgage, the possession in the vendor, as to *bona fide* creditors and purchasers, is fraudulent *per se.*   The policy of the law in so holding, is to protect innocent purchasers, and to prevent the perpetration of frauds.   A purchaser, after condition broken, from the mortgagor in possession, is protected, because the law has said that his so holding is evidence that the mortgage is paid, and if it is not, it is a *fraud per se* on *bona fide* purchasers and creditors.

But in this case the purchaser took the property with notice that there was a valid incumbrance on it, and he took it subject to that incumbrance; and taking only the right to redeem, he must do so or see that it is done by others.   Having notice, or being chargeable with notice, he will be presumed to have intended to redeem, and to have fixed the price he paid with a view to a redemption.

In the case of *Reed* v. *Eames*, 19 Ill. 594, it was said, " that when the parties reside in the same town or county, one day after default would be a reasonable time within which to take possession of the property so situated, and an agent should be at hand for such purpose."   It was also said that no general rule can be laid down for the government of all cases.   But

what is a reasonable time must be determined by the situation of the parties and the circumstances attending the transaction. Here, we have seen, appellant did not become entitled to possession of the property by breach of condition until Monday, the 5th of July. Under the rule announced in the case of *Reed* v. *Eames, supra,* he had one day in which to reduce the property to possession. Hence he proceeded in time, and he did not lose his right to the property, and was entitled, on the agreed facts, to have succeeded in the court below.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*