JOSEPH C. GUNDY

v.

CORNELIUS BITELER.

CHATTEL MORTGAGE—LIVE STOCK—INCREASE.—The natural increase of
live stock covered by a chattel mortgage, becomes subject to the mortgage;
and a party purchasing such increase before the expiration of the mortgage,
acquires no greater right therein than the mortgagor had.

ERROR to the County Court of Vermillion county; the Hon.
R. W. HANFORD, Judge, presiding.    Opinion filed June 29,
1880.

Mr. G. W. SALMANS and Mr. J. W. JONES, for plaintiff in
error; that the issue of domestic animals mortgaged, are sub-
ject to the mortgage, cited 2 Hilliard on Mortgages, 391; For-
man v. Proctor, 9 B. Mon. 124.

A party purchasing mortgaged property before maturity of
the mortgage, cannot complain of laches of the mortgagee in
taking possession: Arnold v. Stock, 81 Ill. 407.

Mr. CHARLES A. ALLEN and Mr. F. BOOKWALTER, for de-
fendant in error; that the property was insufficiently described,
cited Hutton v. Arnett, 51 Ill. 198.

The mortgagee should have taken possession of the property:
Frank v. Miner, 50 Ill. 444.

Chattels must have an existence at the time of the execution
of the mortgage: Titus v. Mabee, 25 Ill. 257.

Permission to the mortgagor to trade the property, avoids
the mortgage: Barnet v. Fergus, 51 Ill. 352; Goodheart v. John-
son, 88 Ill. 58.

Gundy v. Biteler.

HIGBEE, J.   Plaintiff brought this suit in replevin before a justice of the peace against defendant to recover the possession of one brown colt.   After a trial of the cause before the justice, it was appealed to the county court, where it was tried before a jury resulting in a verdict in favor of defendant, and judgment was rendered against plaintiff for costs, from which he prosecutes a writ of error to this court.

One William H. Salmans, executed to plaintiff in error a chattel mortgage on the second day of March, 1877, on one sorrel mare, to secure a note of that date, payable on the first day of January, 1878, containing the usual provision that until default in payment, it should be lawful for the mortgagor to retain the possession of the property mortgaged.

In May following, the colt in controversy was foaled by the mare described in the mortgage, and soon after sold by the mortgagor to James Caldwell, who sold it to defendant in error in September, 1877.

At the maturity of the note, plaintiff in error took possession of the property (except the colt) under his mortgage and sold the same for thirty dollars, and afterwards replevied this colt from defendant in error, and claims it by virtue of his mortgage.

When live stock is mortgaged, its natural increase becomes subject to the mortgage.   Hilliard on Mortgages, 420.   This was the rule of the civil law, and by universal acknowledgment has become a part of the law of England and the United States.   Herman on Chattel Mortgages, 86.

This mortgage was executed, acknowledged and recorded, as required by our statute, and we think was notice to subsequent purchasers.

It is true, at common law, the mortgagor as against subsequent purchasers, was required to take and hold possession of the mortgaged property, but we are not prepared to hold, that the change in this respect, made by the chattel mortgage act, was intended to change the long settled doctrine of the common law, that the mortgagee is entitled to the natural increase of the mortgaged property.

It is insisted by defendant in error, that as plaintiff did not take possession of the colt immediately on the maturity of the

mortgage debt, he lost his lien. Had defendant purchased after the maturity of the mortgage, and before possession taken by plaintiff, such would have been the case, but here he purchased in September, and the mortgage debt did not mature until the following January.

The case of Arnold v. Stock, 81 Ill. is decisive of this objection. It is there said: "A person thus purchasing takes with notice of the incumbrance, and subject to it. He acquires but the rights of the mortgagor and takes his place. He can claim the same rights and no more, than the mortgagor. As the mortgage was binding between the mortgagor and mortgagee until the mortgage debt is paid, the purchaser before the maturity of the debt takes the property subject to the same conditions. The mortgagor cannot be heard to say that the mortgagee has lost any right, because he was not diligent in taking the property in possession, nor can his vendee, who purchases before the debt matures."

The instructions of the court below and the verdict of the jury are in direct conflict with the views expressed in this opinion. The judgment is, therefore, reversed and the cause remanded.

Reversed.