## HENRY C. CUNNINGHAM
### v.
## THE N. O. NELSON MANUFACTURING CO.

1. CHATTEL MORTGAGE—PRIORITY.—A person taking a second mortgage upon property before the maturity of a prior one stands substantially in the same position as a purchaser and should be governed by the same principles.

2. SAME.—Where appellee had a first chattel mortgage on property and before its maturity appellants took a second one, and appellee delayed foreclosing his mortgage until several months after maturity, but before the maturity of appellants' mortgage. *Held* that appellants could take no advantage of appellee's delay in taking possession.

APPEAL from the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed December 4, 1885.

Messrs. WITHERS & HENSHAW, for appellants; that by neglecting to take possession at the maturity of the mortgage appellee allowed the continuing existing lien of the appellants to attach as a prior lien the same as an execution would, while in the hands of an officer, cited Burnham v. Muller, 61 Ill. 456; Reed v. Eames, 19. Ill. 596; Funk v. Staats, 24 Ill. 633;

Hanford v. Obrecht, 49 Ill. 146; Wylder v. Crane, 53 Ill. 490.

Mr. W. M. WARD, for appellee; that the second mortgagee is in the position of a purchaser before the debt is due, cited Arnold v. Stock, 81 Ill. 407; Gundy v. Bitcler, 6 Bradwell, 510; Van Pelt v. Knight, 19 Ill. 544.

CONGER, J. It appears from the record in this case, that on the 19th day of May, 1883, one Henry Powell executed a chattel mortgage to the N. O. Nelson Manufacturing Co., the appellee, upon an engine and some other property, to secure a series of four notes, the last of which matured November 13, 1883. The first two of the notes were paid; the last two were not.

On Sept. 19, 1883, Powell executed a second mortgage on the same property to appellants to secure a note due Sept. 19, 1884, with the usual insecurity clause. Both mortgages were duly acknowledged and recorded immediately after their execution.

Appellee on the 23d of June, 1884, more than seven months after the maturity of its debt, took possession of the property, and appellants upon the next day, claiming under their second mortgage, after demand, replevied the mortgaged property.

Upon trial in the circuit court, judgment was rendered in favor of appellee and a return of the property awarded.

The single question made upon the record is, whether the manufacturing company lost its lien as against the rights of the second mortgagees, by failing to take possession on the maturity of its debt.

If appellants are to be considered in the light of purchasers from the mortgagor, then, it is clear they could take no advantage of appellee's delay in taking possession. Arnold v. Stock, 81 Ill. 407.

We think a person taking a second mortgage upon property, before the maturity of a prior one, stands substantially in the same position as a purchaser, and should be governed

by the same principles as those announced in the foregoing case.

When the second mortgage was given, the possession of the property in Powell was consistent with the terms and conditions of the first; and appellants took with full notice of it, and subordinate to that incumbrance.

After the maturity of the first mortgage, the continued possession by Powell was no fraud or injury to appellants. They were not misled by it, nor induced to take any steps by reason of such continuing possession. Van Pelt v. Knight, 19 Ill. 545.

Finding no error in the record the judgment will be affirmed.

Affirmed.