## THE LAFLIN AND RAND POWDER COMPANY
### v.
## MARY TEARNEY.

*Negligence—Explosion of Gunpowder—Pleading.*

1. In an action to recover for injuries to property occasioned by the explosion of gunpowder, the declaration is sufficient if it avers the dangerous character of the articles kept, and the injury to the plaintiff from such keeping, without averring negligence on the part of defendant, or what was done by him that constituted the nuisance.

2. It is no answer to a claim for compensation for a wrong done that the plaintiff has consented to conduct by others similar to that of the defendant which caused the injury.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. MILLS & INGHAM and E. F. RUNYAN, for appellant.

Mr. WM. H. BARNUM, for appellee.

GARY, J.    The gist of the appellee's declaration is that the appellants kept upon their premises a large amount of gunpowder, dynamite and gun-cotton, which were highly explosive substances; that they exploded, and property of the appellee was destroyed. The second count adds the averment of an ordinance violated by the so keeping of gunpowder, etc.

The appellants moved, in arrest of judgment, that the declaration does not aver any negligence on their part, or that what appellants did constituted a nuisance. It may be questionable, under the later extension of the rule that error that does no harm is not a cause for reversal, whether, even if the declaration were merely defective in setting out the cause of action, but under it the same evidence was necessary and given as would have been required if the omitted averment

had been in, the objections made, if well founded, would be of any avail. Atkins v. Byrnes, 71 Ill. 326.

It is not a case of stating facts which of themselves, as stated, show that there can be no cause of action, like suing upon a statutory liability, which, by repeal of the law before the acts were performed out of which the liability was supposed to arise, had ceased to exist. Kipp v. Lichtenstein, 79 Ill. 358. The declaration is, however, sufficient. It avers the dangerous character of the articles kept, which put the peril of the consequences upon the keeper; and it avers the injury to the plaintiff from the keeping. And if the jury found these averments true, then they found a private, if not a public, nuisance, the author of which is responsible to the sufferer by it. Wood on Nuisances, Sec. 140.

It is conceded that the appellants did keep the gunpowder, etc., as alleged; that the explosion was caused by lightning, and that from the explosion the plaintiff sustained all the damages the jury have awarded her. The principle that fixes responsibility upon the keeper of dangerous animals is applicable here. If the animals are ferocious by nature, the keeper is liable, without any averment of negligence or *scienter*. 1 Thomp. Neg. 173, *et seq*. Therefore it is not necessary to consider the many questions raised upon instructions, except those relating to the application of the maxim, *volenti non fit injuria*.

There were several powder magazines belonging to different proprietors in the vicinity at the time of the explosion. There was one on property demised by the plaintiff and her husband for that purpose. He was interested in the powder business; and it was fairly inferable from the evidence that he was there, and acquired property there, and resided there, and, she with him, because the powder business in which he was interested was there.

By appropriate instructions, the appellants sought to have the jury told that these facts, coupled with the further facts that the appellants were there, with their magazine, before the plaintiff and her husband; that at different times she had permitted other companies to have magazines upon her property;

that, in effect, it was, by common consent, the powder district for the powder business of Chicago, were a bar to her recovery. This was refused, and that refusal is assigned for error. There was no evidence tending to show any relations at any time between the appellant and the appellee or her husband. The instructions are based on the *tu quoque* argument.

No authority is cited to support them. It is no answer to the claim of appellee for compensation for wrong done her by appellants, that she had consented to conduct by others similar to that of the appellants.

There is no error and the judgment is affirmed.

*Judgment affirmed.*