## George L. Hay v. W. W. Kimball Company, W. W. Kimball, E. S. Conway and A. G. Cone.

1. MORTGAGED CHATTELS—*Possession, When to be Taken.*—Possession of mortgaged chattels must be taken by the mortgagee within a reasonable time after default in payment or other conditions broken by which he becomes entitled to possession.

2. SAME—*Upon Default Title Vests in the Mortgagee.*—Upon a default in the payment the title to mortgaged chattels vests in the mortgagee, and to permit possession to be retained by the mortgagor while the ownership is in the mortgagee, is a fraud upon creditors and purchasers and contrary to the policy of the law.

3. SAME—*What is a Reasonable Time for Taking Possession.*—A delay after default in taking possession of mortgaged chattels until the day following, will always be reasonable, but beyond that time its reasonableness will depend on the circumstances of the case.

Memorandum.—Replevin in the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration, three counts in the usual form with a count in trover. Pleas, first, to first count, *non cepit;* second, to second count, *non detinet;* third, a further plea to first and second counts, property in defendants; fourth, to third count, not guilty; replication to third plea; property in plaintiff and not in defendants; cause submitted to court for trial without a jury; finding for defendants; appeal by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

F. H. TRUDE, attorney for appellant.

EDWIN BURRITT SMITH and JAMES C. HUTCHINS, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE
COURT.

The undisputed facts in this case are that the appellee
corporation sold to Maggie Findlay, on March 30, 1889, a
piano under a contract which provided that possession of
the property should be taken and retained until default
should be made in the payment of $350 in twenty
monthly installments, and in case of default happening that
the appellee should repossess itself of the piano.

That contract was not recorded.

The piano was taken possession of by Mrs. Findlay and
removed to her residence in the city of Chicago. Subse-
quently, on October 16, 1890, Mrs. Findlay and her hus-
band executed and delivered their chattel mortgage to the
appellant covering the said piano and other household
goods to secure their three notes aggregating $327, pay-
able in one, two and three months. The last note matured,
including days of grace, on January 19, 1891.

On January 20, 1891, Mrs. Findlay having possession of
the piano in her residence and being in default in all pay-
ments to appellee except to the extent of $209, executed
a bill of sale of the piano to the appellee, who, between ten
and eleven o'clock in the forenoon of January 21st, removed
the piano from Mrs. Findlay's house to its place of
business.

For the piano the appellant brought a suit in replevin,
with a count in trover.

A judgment in favor of appellee was rendered in the Cir-
cuit Court, the cause having been there tried without a
jury, and from that judgment this appeal is prosecuted.

The defense below was, and here is, that the appellant
was guilty, as a matter of law, of a want of diligence in
taking possession of the property after his last note had
matured.

The law of this State is well settled that possession of
mortgaged chattels must be taken by the mortgagee within
a reasonable time after default in payment, or other con-
dition broken by which he becomes entitled to possession,

and the rule is based upon the principle that upon a default in payment the title vests absolutely in the mortgagee, and that to permit possession to be retained by the mortgagor while the ownership is in the mortgagee is a fraud upon creditors and purchasers and contrary to the policy of the law.   Cass v. Perkins, 23 Ill. 382; Reese v. Mitchell, 41 Ill. 365; Reed v. Eames, 19 Ill. 594; Arnold v. Stock, 81 Ill. 407; Silvis v. Aultman, 141 Ill. 632; Richards v. Matson, 51 Ill. App. 530.

What is such reasonable time depends upon circumstances, such as the situation of the parties, their vicinity and facility of intercourse, and the nature of the property.

A delay until the day following that on which the debt matured will always be reasonable, but beyond that time it will be reasonable or unreasonable, as the circumstances may be.

See the above cases.

The excuse in this case for not taking possession of the piano by the mortgagee on the day following that on which the last note matured, is attempted to be shown by the testimony of the appellant that on January 20th, the next day after the last note fell due, he went to the house of Mrs. Findlay and could not get in.

It seems also that he went to the house again on January 21st and could not get in, and that going there again on January 22d he did get into the house and then found that appellee had taken away the piano.

These parties were all residents of Chicago.   We will take notice that the place of residence of Mrs. Findlay at 629 Englewood avenue, where the piano was kept, was within easy access by various lines of public conveyance and by numerous streets, with all parts of the city, and there is nothing to show but that a reasonable exercise of diligence would have enabled the appellant to have obtained the piano on the twentieth.

A single visit on that day to the residence where the piano was kept, which was presumably the home of a person in very moderate circumstances, and whose casual absence from

her house for any one of the numerous causes incident to housekeeping in a large city might reasonably be expected, is far from a diligent effort to take possession of the property. It does not appear at what hour of the day the appellant went to the house, nor how long he stayed, nor what efforts he made to get in.

It only appears that he went there at some time during the day and could not get in.

We do not think that such an effort to obtain the property afforded a sufficient excuse.

No sufficient reason being shown why the property was not taken by the mortgagee on the day following that on which his debt matured, it follows that the taking of the property in good faith by the appellee on the day after that, under the bill of sale for a debt justly due to the appellee, protected the appellee against the mortgage. The judgment will therefore be affirmed.