### R. H. McCreary v. Alexander D. Hannah et al.

1. PRIORITIES.—*Prior and Subsequent Mortgagees.*—If, while a debt secured by a chattel mortgage is yet undue, the mortgagor mortgages the same property to another to secure another debt becoming due later than the first, it is not necessary for the first mortgagee to take possession of the property when his debt becomes due in order to preserve his priority over the second mortgage. Such priority will continue if he takes possession before the second mortgage becomes due.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1865. Affirmed. Opinion filed November 18, 1895.

L. M. SHREVE, attorney for appellant, contended that allowing a mortgagor to retain possession of personal property contrary to the terms of the mortgage is fraud *per se* and admits of no explanation. Fink v. Stats, 24 Ill. 632; Sumner v. McKee, 89 Ill. 127; Read v. Evans, 19 Ill. 594.

After time to take possession is past, if the mortgagor is permitted to retain, it is fraudulent. Constant v. Matson, 22 Ill. 546.

And a *bona fide* mortgagee may replevy. Wilson v. Whituck, 46 Ill. 25; Wilson v. Roundtree, 72 Ill. 570.

ALBERT H. MEADS and HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellees, admitted that the rule of law as laid down by the Supreme and Appellate Courts of this State, that as to innocent purchasers and judgment creditors the lien of the mortgage must be reduced to possession within a reasonable time after the maturity of the note secured thereby, but contended that it has no application to the case at bar.

When the second mortgage was given the possession was consistent with it; the second mortgagee took it, with full notice of it, and subordinate to that incumbrance. The continuing possession by the mortgagor after forfeiture was no fraud or injury to him, for he was induced to take no step by reason of such continuing possession. He was not misled by it. It could not transpose the priority of the mortgages, and make the junior first in point of merit. Van Pelt v. Knight, 19 Ill. 534, citing also Cunningham v. The Nelson Mfg. Co., 17 Ill. App. 510; Arnold v. Stock, 81 Ill. 407; Van Pelt v. Knight, 19 Ill. 535; Gundy v. Biteler, 6 Ill. App. 511.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

No statement of facts is necessary, as the only question is whether, if, while the debt secured by a chattel mortgage is yet undue, the same mortgagor mortgages the goods to another, to secure a debt becoming due later than the first,

must the first mortgagee, when his debt becomes due, take possession of the goods to continue his priority over the second, or will such priority be continued if the first mortgagee takes possession before the second mortgage is due and before possession is taken under it ?

In Cunningham v. Nelson Mfg. Co., 17 Ill. App. 510, the Appellate Court of the Third District decided that question in favor of the first mortgage, citing Arnold v. Stack, 81 Ill. 407, and Van Pelt v. Knight, 19 Ill. 535.

The question was not necessarily involved in either of those cases, but the argument and *obiter dicta* in each of them sustains the decision of the third district, and we concur in it.