## E. J. Magerstadt, Sheriff, etc., v. Charles C. Harder.

95   303
r199s 271

1. REPLEVIN BONDS—*What May be Shown in Reduction of Damages in Suits on.*—In an action upon a replevin bond, the defendant (obligor) has the right to show by the way of reduction of damages that the ownership of the property is in himself and not in the one who, as a defendant in the replevin suit, has prevailed, and obtained a reward of *retorno habendo.*

2. SAME—*Statute Does Not Limit Right of Obligor to Prove Title in Mitigation of Damages.*—Section 26, chapter 119, R. S., does not limit the right of the obligor in a suit upon the bond, to prove his title for the purpose of mitigating the damages, when such title has not been adjudicated in the replevin suit.

3. LACHES—*Lien Not Lost by—Chattel Mortgagees.*—A mortgagee, by failure to foreclose a chattel mortgage within a reasonable time after the maturity of the note secured by it, does not lose his lien as against the mortgagor.

Debt, upon a replevin bond. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed May 23, 1901.

This suit was begun in debt upon a replevin bond.

One Francis Place, being the owner of certain chattels, mortgaged them to Gustav Cramer to secure an indebtedness evidenced by promissory note of Place. Afterward, Place executed a bill of sale to one Stevens, conveying the same property, and it is recited in the bill of sale that it is made subject to the mortgage to Cramer.

At the time of executing the bill of sale Place and

Stevens entered into two written agreements. By the first of these writings it was agreed by Stevens that in consideration of the making of the bill of sale to him, he would pay certain indebtedness of Place not here in question. By the second writing Stevens agreed to retain Place in the business of conducting a photograph gallery (in which business the chattels in question were used) and at a fixed salary. H. S. Paine succeeded to the rights of Stevens under the bill of sale.

It appears that Place was indebted to principals represented by Stevens and afterward by Paine, and that the bill of sale was made either to secure or pay this indebtedness. Place testified that the final agreement was that it was in payment of the debt.

The property remained in the possession of Place until after the note secured by the Cramer mortgage had matured. The note became due on September 15, 1899. On September 18, 1899, Paine took possession, claiming under the Stevens bill of sale. At that time, which was three days after his mortgage note had matured, Cramer had done nothing toward taking possession under his mortgage. The property was located in the city of Chicago. After Paine had taken possession under the Stevens bill of sale, Cramer replevied, and appellee, Harder, executed the replevin bond as surety. The replevin suit was dismissed and a judgment was entered in favor of the defendants for costs, and a *retorno* was awarded. The chattels were not returned, and this suit was brought upon the replevin bond against Cramer, and appellee, his surety. Both defendants were defaulted. Appellee interposed a motion to set aside the default and for leave to plead. This motion was denied. By agreement of the parties, made in open court, the cause was submitted to the court "to ascertain the amount due and to assess the plaintiff's damages herein as to defendant Harder, heretofore defaulted." Upon the hearing for that purpose, a stipulation was filed which was received in evidence by the court, which recited, in substance, as follows:

Magerstadt v. Harder.

"The following facts, so far as material and relevant, shall be taken as true, for the purpose of this case, without any evidence being produced by either party to prove the same: That the replevin suit of Cramer v. Paine et al., in which the bond sued on in this case was given, was dismissed for failure to file a declaration therein, and judgment for return of the property entered and writ of return awarded, and that the said property has not been returned. That the debt evidenced by said note of said Place to said Cramer was, with the exception of $355.69 indorsed thereon, wholly unpaid at the time of the taking of the property under said replevin writ. That on September 18, 1890, James F. Noble, as agent of said Paine, took possession of the property in question, under the bill of sale offered in evidence herein, and that about one hour later the agent of said Cramer demanded possession thereof, which was refused, and afterward, on September 22, 1899, said Cramer replevied said property, and thereupon executed the replevin bond sued upon in this case. That upon their obtaining possession of said property said Cramer foreclosed said chattel mortgage and bid in the same at the amount of said indebtedness, and that at that time the name of Francis A. Place was scratched off said notes. That all the property taken under the writ of replevin in said suit of Cramer v. Paine et al., is described in said bill of sale, and also in said chattel mortgage."

Aside from this stipulation of facts certain affidavits were admitted in evidence. There was also offered and admitted, testimony of witnesses heard in open court. Appellant objected to the admission of evidence tending to show title to the chattels in Cramer, and such evidence was admitted over the objection of appellant, and appellant preserved exception to the ruling.

The value of the goods taken upon the replevin writ was $1,200. The defendant's costs in the replevin suit were shown to be $3, and the value of attorney's fees in that suit, $35.

The court assessed the plaintiff's damages at $38, and entered judgment for $2,000, the amount of the debt, and $38 damages. Nothing was allowed in the assessment of these damages for the value of the chattels. From this judgment the plaintiff, appellant, prosecutes the appeal here.

JAMES F. NOBLE, attorney for appellant.

PECK, MILLER & STARR, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellant that it was error to admit evidence as to ownership of the chattels replevied in a suit upon the replevin bond, after the defendant in such suit had been defaulted, and there remained only an inquiry as to the damage.

There is a diversity of decision upon the question as to whether, in an action upon a replevin bond, the obligor may show by way of reduction of damages that the ownership of the property is in himself, and not in the one who, as a defendant in the replevin suit, has prevailed, and obtained an award of a *retorno*. It seems, however, by the weight of authority to be the rule at the common law, and in the absence of any statutory provision, that such ownership could not be set up by plea as a bar to the suit upon the bond, for the judgment of *retorno habendo*, whether awarded after a trial of the right to the property, or upon non-suit, is a determination of the right of the replevin defendant to the return. But in a suit upon the bond where there is a failure to return the chattels, the damages should nevertheless be measured by the rights of the replevin defendant, who is the plaintiff in the suit upon the bond. If he had only a special interest in the property, his actual damages might be very different from what they would be if his ownership was general. Therefore it has been permitted, in assessment of damages in suits upon replevin bonds, when the title was not adjudicated in the replevin suit, to show that the obligor is the owner of the chattels, not as a bar for the purpose of defeating the suit upon the bond, but merely in mitigation of the damages. And this has been sanctioned as well in proceedings upon a writ of inquiry after default of the defendant in the suit upon the bond. Belt v. Worthington, 3 Gill & J. 247; Wallace v. Clark, 7 Blackf. 298.

In the former case the Maryland court said :

" The object of the law in prescribing that a replevin bond shall be entered into by a plaintiff before he should have the benefit of the writ, was only to give indemnity to the defendant. If, in truth, he had no right to the property at the time of the institution of the suit, the rejection of the evidence, by putting it in his power to recover the value of the goods, would enable him to overreach a just measure of indemnity, and inflict upon the plaintiff a penalty which the law never contemplated."

The question considered by the court was the admissibility of evidence of the ownership of the chattels by the defaulted obligor on the replevin bond upon an inquiry to assess damages. And in the latter case the Indiana court said : " The amount of damages in an action on a replevin bond must depend very materially on the right of the plaintiff to possess and retain the property. If the property belonged to him, his damages would be according to its value. But if he had no right whatever to the property, he sustained no damage by the refusal of the obligor to return it. There is, therefore, a propriety, when the amount of damages is in question, in allowing the defendant to show that the plaintiff had no claim to the property;" and the court held that on a writ of inquiry the defendant in a suit upon the replevin bond might show title to the chattels replevied. There are decisions holding *contra;* but the Supreme Court of this State has indicated that it approves of the doctrine as above announced. In King v. Ramsay, 13 Ill. 619, the court, citing with approval the two cases above noted, said :

" To avoid circuity of action, the obligee should only be allowed to recover against the general owner the value of his special interest in the property. This view is fully sustained by the cases of Belt v. Worthington, 3 Gill & Johns. 247, and Wallace v. Clark, 7 Blackf. 298. In those cases the actions of replevin had been dismissed and judgments entered for a return of the goods replevied. In actions afterward brought on the replevin bonds, the obligees (obligors) were permitted to prove in mitigation of the damages, that the plaintiffs in replevin had title to the property." See also Warner v. Matthews, 18 Ill. 83.

The effect of our statute, permitting a defense of this

nature in suits upon replevin bonds, when no adjudication of the property rights has been had in the replevin suit, can not, we think, operate to limit this well recognized right at common law of the obligor to thus reduce the damages to be assessed against him.

The statute, Sec. 26, chapter 119, R. S., provides that "When the merits of the case have not been determined in the trial of the action in which the bond was given, the defendant in the action upon the replevin bond may plead that fact and his title to the property in dispute, in said action of replevin."

If the effect of this statute be to make such defense, when pleaded, a bar to the action upon the bond, it is a modification of the common law; but if it merely operates to make the matter thus pleaded a mitigation of the damages, then it would seem, from the authorities above noted, to be merely declaratory of the common law rule. In either event it works no limitation upon the right at common law to prove title of the obligor upon the bond for the purpose of mitigating the damages, when such title has not been adjudicated in the replevin suit, and this as well upon an inquiry to assess damages as upon a defense to the suit.

We are of opinion, therefore, that the learned trial court did not err in receiving the evidence as to ownership of the chattels.

It then remains only to determine whether appellee's principal had priority of right to the chattels under the mortgage over the right of appellant's usee under the bill of sale. The bill of sale was made expressly subject to the mortgage. By failure to foreclose his mortgage within a reasonable time after maturity of the note secured, Cramer might lose the right of his lien so far as creditors or purchasers were concerned, but he would not thereby lose his lien as against the mortgagor. Did Paine, who claims under this bill of sale, stand as a creditor, who might avail of this failure of Cramer to foreclose his lien, or did he stand only in the same right as the mortgagor? We think the latter is the correct conclusion. The bill of sale was

made expressly subject to the mortgage.   Stevens, and through him Paine, took only the mortgagor's right in the chattels, subject to the lien of the mortgage as it operated against the mortgagor, and as against the mortgagor its validity was not affected by the failure to foreclose within three days after maturity of the note.   Van Pelt v. Knight, 19 Ill. 535; Arnold v. Stock, 81 Ill. 407; Sumner v. McKee, 89 Ill. 127; Sondheimer v. Graeser, 172 Ill. 293; Gundy v. Biteler, 6 Ill. App. 510; Cunningham v. Nelson Co., 17 Ill. App. 510.

The bill of sale under which appellant claims, was executed and delivered before the maturity of the note secured by the Cramer mortgage, under which mortgage appellee's principal claims title.   We are therefore of opinion that the right to the chattels in question is shown by the evidence to have been in Cramer under his mortgage, and that the court properly refused to allow any damages for the value of the chattels in the assessment of the appellant's damages in the suit upon the replevin bond.

The judgment is affirmed.