**L. F. O'Brien, Administrator of the Estate of Jacob D. Gray, Deceased, Appellant, v. The First Galesburg National Bank and Trust Company, Appellee.**

Gen. No. 8,599.

Opinion filed May 10, 1934.

LEO P. BAIRD, for appellant.

BURREL BARASH, for appellee; GEORGE A. LAWRENCE, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

On June 8, 1929, Earl J. Gray gave a chattel mortgage to his father, Jacob D. Gray, to secure the payment of his note in the principal sum of $10,000. The note and mortgage were due on December 8, 1930. The chattel mortgage covered a long list of personal property, including a large amount of livestock. It also included a great quantity of other personal property in the nature of farming equipment, portable frame buildings, and household furnishings, which are not involved in this case. On December 15, 1930, the parties filed in the office of the recorder of Knox county their extension agreement of the mortgage, extending the payment thereof to December 8, 1931, and reciting that at that time the sum of $10,900 was due, upon the principal and interest.

Subsequent to the filing of the extension agreement, the father, Jacob D. Gray, died, and L. F. O'Brien became the administrator of his estate. Appellee banking company held a judgment against Earl J. Gray, upon which on December 18, 1931, it caused execution to issue in the sum of $5,946.89, which was placed in the hands of the sheriff, and the sheriff pursuant thereto levied upon certain personal property of the said Earl J. Gray. Following this, appellant as administrator of the estate of Jacob D. Gray, deceased, filed with the sheriff his notice of claim to 13 head of brood

sows, nine head of calves, and one black bull, under and by virtue of the aforesaid chattel mortgage given by Earl J. Gray to his father on June 8, 1929. A stipulation was at that time entered into whereby the appellant, as administrator, proceeded to foreclose upon the chattel mortgage and sell the property claimed to be covered thereby; and to bring into court the proceeds realized from the items of property in controversy herein, to await the result of this trial of the rights of property.

This cause was heard before the judge of the county court of Knox county. The issues were decided in favor of appellee banking company, and the appellant has prosecuted this appeal from the judgment rendered.

The sale of the property was had on March 10, 1932, pursuant to the aforesaid stipulation. Upon the trial of this case the evidence failed to establish that the animals in question herein were those described in the chattel mortgage, or the first increase of those described in the mortgage; but it does demonstrate that they were descendants of those described in the mortgage, and either the direct increase from such animals or the increase of the increase therefrom.

The common law rule is that the offspring or increase of domestic animals belongs to the owner of the dam or mother, and the increase of the increase *ad infinitum* comes within the rule and the same belong to the owner of the original stock. 1 R. C. L. 1070; 3 C. J. 22. This is based upon the rule that the offspring of animals, as well as the growth and increase of property, follows the ownership of the property itself. *Hazelbaker v. Goodfellow*, 64 Ill. 238, 242.

This State has adopted the rule that a chattel mortgage in using the words, "grant, sell, convey and confirm," thereby transfers and conveys the title to the property from the mortgagor to the mortgagee. *VanZele v. Cleaveland*, 208 Ill. App. 387, 393. Pur-

suant to this rule it has consistently been held in Illinois that the mortgagee being the owner of the legal title to the mortgaged chattels was entitled to the increase therefrom. *Gundy v. Biteler,* 6 Ill. App. 510; *VanZele v. Cleaveland, supra; American Trust & Savings Bank v. Gladu,* 258 Ill. App. 156.

Two separate and distinct rules with reference to the increase of mortgaged livestock are observed in the various jurisdictions. The first of these rules is the one just above referred to which is in force in this State, to the effect that a chattel mortgage transfers and conveys title to the mortgaged chattels from the mortgagor to the mortgagee, and the mortgagee being the owner of the dam is entitled to all increase therefrom. This right exists by virtue of his ownership of the mortgaged dam. He being the owner thereof, it necessarily follows that he is owner of the increase therefrom. The second rule as observed in some jurisdictions, is to the effect that the chattel mortgage is regarded as only establishing a lien upon the mortgaged animal, and not transferring title thereto to the mortgagee. Where a chattel mortgage constitutes only a mere lien upon domestic animals, it does not include their increase, unless the mortgage expressly so provides; but where the mortgagee is vested with title by virtue thereof, the same extends to the increase. *Brown v. Schwab,* 27 Ariz. 457, 233 Pac. 593, 39 A. L. R. 150.

It is insisted by the appellee in this case that the rule that the increase of mortgaged animals is covered by the mortgage should be limited to the first increase from the mortgaged dam itself. The mortgagee's right to the first increase being based upon the rule of ownership of the mortgaged dam, we know of no way the rule as urged by appellee could be applied. The same right that entitles the mortgagee to the first increase entitles him to the increase of the increase. The mortgagee being the legal owner of the original

source or stock, there is nothing to abridge his rights or limit them to the first increase. He, being the owner of the mortgaged animals, is entitled to the increase therefrom to an indefinite period, so long as the mortgage exists, and there is no way to cut off his right to such increase, whether it be the first increase of the mortgaged animals or the increase of the increase.

We are not unmindful of the argument of appellee as to the difficulty of applying this rule to livestock, over a period of two or three years, but because a rule of law is difficult of application in certain cases, does not render it any the less operative.

The mortgage in this case uses the words "grant, sell, convey and confirm." This State is converted to the rule that under such circumstances, the mortgaged property is thereby transferred and conveyed to the mortgagee, and he becomes the legal owner thereof. He, being the legal owner, by right of his ownership is entitled to the increase from such animals, and in the absence of some act upon his part, nothing transpires to divest him of his right to the natural increase of the animals to which he holds title, and this rule is not limited to the first increase therefrom, but includes the increase of the increase during the existence of such mortgage.

It therefore follows that the judgment of the county court of Knox county is erroneous and the same is hereby reversed, and this cause is remanded with specific directions that said county court shall make and enter its judgment herein finding that the animals in question were covered by the chattel mortgage and that appellant is entitled to the same.

*Judgment reversed and remanded with directions.*