## BRERETON v. BENNETT.

1. WHO MAY TAKE ACKNOWLEDGMENT OF A CHATTEL MORTGAGE.— The fact that the officer taking the acknowledgment of a chattel mortgage was the partner of the mortgagee, and negotiated the loan secured by the mortgage, does not render the mortgage fraudulent and void as to other mortgage creditors, when it is not shown that he was a party in interest to either the lien or the note.

2. HOW CHATTEL MORTGAGE MAY BE IMPEACHED FOR FRAUD.— Where a chattel mortgage, made the basis of an action, is fair upon its face, it cannot be impeached for fraud unless the facts relied on to constitute the fraud are pleaded in the answer.

3. MORTGAGEE MUST TAKE POSSESSION IN REASONABLE TIME AFTER DEFAULT.— Where, by the terms of a chattel mortgage, the mortgagor is to retain possession of the property until maturity of the note and mortgage, it is the duty of the mortgagee to take possession of the property within a reasonable time after a default, and where he delays acting for nearly two months his rights under the mortgage become subject to those of subsequent mortgagees.

4. WHEN LIEN OF MORTGAGE CANNOT BE EXTENDED.— In such case the lien of the note and mortgage cannot be extended by the contract of the parties to the prejudice of the intervening rights of third persons.

*Appeal from Superior Court of Denver.*

THE controversy in this case is over the priority of lien of different chattel mortgages. On the 23d day of June, 1887, one C. P. Shore, the owner of the property in controversy, executed and delivered to appellant, S. W. Brereton, a chattel mortgage on the same to secure the payment of a promissory note for $250, due October 1, 1887. On the 30th of September, 1887, Shore made a new note for the amount, payable on the 1st day of December, 1887, and at the same time he gave a new mortgage to appellant, which was duly recorded at 4 o'clock P. M., the said 30th day of September. On the same day, however, Shore executed and delivered to appellee, H. W. Bennett, his note for $275, due six months after date thereof, to secure the payment of which he gave a chattel mortgage upon the same property to appellee, which mortgage was duly recorded at 12:30 P. M. of said day. The mortgage given to appellee was acknowledged before Julius A. Meyers, a notary public. Meyers was a member of the firm of Bennett & Meyers, and it is claimed that the money was advanced by the firm, and not by Mr. Bennett, and for this reason this chattel mortgage is claimed to be invalid. The real question in the case is as to which one of the parties has the better right to the possession of the property thus mortgaged.

Messrs. STEWART BROS. & ANDREWS, for appellant.

Messrs. ROGERS & WEBBER, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

The taking of an acknowledgment before a mortgagee, who is also an officer, authorized generally to take acknowledgments of such instruments, is against the policy of the law, and an instrument so acknowledged is fraudulent and void as to other mortgage creditors. *Hammers v. Dole*, 61 Ill. 307.

Meyers, the party taking the acknowledgment to the Bennett mortgage, was, however, not the mortgagee named therein. And, although it is shown that he negotiated the loan, and was at the time engaged in business as a partner with Bennett, the mortgagee, the evidence does not show that he was a party in interest to either the lien or the note.

Aside from this, the suit is brought directly upon the instruments. The mortgage, which is the basis of the plaintiff's claim to the property, is set forth, in legal effect, in the complaint. It is fair upon its face; and if the defendant desired to impeach it for fraud the facts relied upon as constituting such fraud should have been pleaded by the defendant in his answer. No such plea was interposed in this case. In its absence, the instrument must be taken as valid. Jones, Mortg. § 538; *De Votie v. McGerr, post,* p. 467.

Appellant bases his claim to the right of possession of the property upon two chattel mortgages; the first bearing date June 23, 1887, and the other, September 30th of the same year. As the latter instrument was not filed for record until after the mortgage given to appellee upon the same property was recorded, appellant's claim, founded upon the subsequently recorded instrument, is of no force as against the mortgage of Bennett.

Is appellant entitled to the possession of the property under the instrument of June 23d? By the terms of this instrument the mortgagor was to retain possession of the property until the maturity of the note and mortgage. These instruments became due early in October. Then it became the duty of appellant to take possession of the property within a reasonable time. Appellant, however, made no effort to reduce the mortgaged property to his possession until the last of November. Whatever may have been his rights had he acted promptly, they were forfeited by this delay, and the mortgage became, in law, fraudulent as to other mortgage creditors. By his own negligence, his rights under the chattel mortgage became subject to those

of appellee. *Rhines v. Phelps*, 3 Gilman, 455; *Cass v. Perkins*, 23 Ill. 382.

It is urged, however, that the giving of the note and mortgage of September 30th was no more than an extension of time upon the prior instruments, and that the lien of the old mortgage was thereby continued. There is no authority for allowing the lien to be extended in this manner by the contract of the parties so as to preclude the rights of third parties. "The chattel-mortgage act is in derogation of the common law, and must be strictly construed." *Crane v. Chandler*, 5 Colo. 21.

The facts relied upon by appellant were not such as to give him a right to a prior lien as against appellee. The judgment of the trial court sustaining the demurrer to the defense setting up such facts cannot be disturbed. For the same reason, the court below properly held that the evidence of such facts was not sufficient to entitle appellant to a judgment. The judgment in favor of appellee is accordingly affirmed.

*Affirmed.*