DOLE v. THE BANK OF AKRON.

CHATTEL MORTGAGES.

If a mortgagee fails to take possession of the mortgaged chattels upon
default, the mortgage is void after maturity as to purchasers or
creditors with or without notice.

*Error to the County Court of Washington County.*

Messrs. JOHNSON & PRINDLE and Mr. DANIEL E. PARKS,
for plaintiff in error.

Messrs. STUART & MURRAY, for defendant in error.

REED, P. J., delivered the opinion of the court.

The action of replevin to obtain possession of one red
cow, three years old, and three heifer calves, was brought by
the defendant in error against the plaintiff, before a justice
of the peace, was taken by appeal to the county court, a trial
had, resulting in a judgment of some kind against plaintiff
in error, from which an appeal was prosecuted to this court.

It appears that on August 28, 1894, plaintiff in error held
the note of Philip R. Diehl, given, according to the evidence,
for an indebtedness created for goods bought "for the living
of the family." Diehl was absent in the state of Oregon, and
on that date his wife, as his agent, sold and delivered the
property in question to the plaintiff in error, at a fixed price,
to be applied upon the note of the husband.

A suit before a justice of the peace was commenced Au-
gust 30th, the bank claiming title by virtue of an unrecorded
chattel mortgage to secure the note of Philip R. Diehl for
$85.00, dated December 22, 1893, payable three months after
date, with interest at 2 per cent per month.

Several errors are assigned, some of which it will not be
necessary to consider. The mortgage, unrecorded, was no

notice to defeat the purchase of plaintiff. Actual knowledge of an existing mortgage by him was indispensable. Giving the evidence on that point the most liberal consideration possible, it fails to charge Dole with the knowledge that the bank held the mortgage. It was to the effect that he was informed that the property was mortgaged or had been mortgaged, but to whom was not stated, nor any information given to put him in a position to ascertain the facts. He denied any information, except that, previous to July, there had been a mortgage.

The following instruction given by the court was erroneous: "If a purchaser of chattels is informed that such chattels have been mortgaged, the law imposes upon the purchaser to make due and pertinent inquiry as to whether such mortgage has been discharged by payment or otherwise, and if he neglects to make such inquiry, he cannot afterwards claim to be an innocent purchaser, and the law will not protect him against the mortgage."

According to the instruction, it was not necessary that there should have been an existing mortgage, but that if the purchaser learns that at some former time the property had been mortgaged, without even knowing to whom, it was made his duty to ascertain whether the mortgage had been discharged by payment.

If he had successfully prosecuted his inquiries, he could only have learned of an unrecorded mortgage that had expired by limitation five months previously, which had not been renewed, nor possession of the property taken by the mortgagee, but remaining in the possession of the mortgagor. Had he known all these facts, it would not have defeated the purchase. As a creditor, he could have acquired title either by attachment or purchase. Had he been informed who was the former mortgagee, and gone to the bank, he could only have learned that it held a mortgage that had expired five months before and was void.

The instructions numbered 11 and 12, as to the effect of failure to take possession of the property at maturity of the

mortgage, asked by the defendant and refused by the court, were correct statements of the law under the decisions of the supreme court of this state and of this court.  See *Chapin v. Whitsett*, 3 Colo. 315; *Atchison v. Graham*, 14 Colo. 217; *Travis v. McCormick*, 1 Mont. 143; Jones on Chat. Mort., secs. 370, 371.

In *Leman v. Robertson*, 59 Ill. 115, with the statute identical in effect with ours, it was held that where the property remained in the possession of the mortgagor more than two months after the maturity of the debt and he sold and delivered it to a third party, and no reason appeared why possession was not taken by the mortgagee, the mortgage was void and the purchaser took the property free from any lien, even though he had actual notice that it was still unsatisfied. Such has almost universally been the decision under ours and similar statutes.

For want of proper instruction in this regard the judgment must be reversed.  The verdict was informal and insufficient as a basis for a judgment, and the judgment based upon the verdict was informal, irregular and void.  Other errors are relied upon for reversal and urged by counsel, but as they were incidental to the trial, and probably will not again occur, we do not find it necessary to decide the questions presented.

*Reversed.*