[No. 3544.]
STANLEY v. THE CITIZENS' COAL AND COKE COMPANY.

1. CHATTEL MORTGAGES.
A mortgagee of chattels who neglects to take immediate possession of the same upon the maturity of the debt secured, loses his lien as against a creditor taking a second mortgage with notice of the prior incumbrance.

2. MEASURE OF DAMAGES.
The damages, which a mortgagee of chattels is entitled to recover for their conversion cannot exceed the amount of the debt secured.

*Error to the Court of Appeals.*

Messrs. STUART & MURRAY, for plaintiff in error.

Mr. H. D. INGERSOLL and Mr. RALPH E. STEVENS for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This is a contest between two mortgagees, claiming practically the same property under different instruments. The cause was first tried before a justice of the peace, who gave plaintiff in error—Stanley—a judgment for $185. From this judgment defendant in error—The Citizens' Coal & Coke Company—appealed to the county court. A trial in that court resulted in a judgment in favor of Stanley for $275. Thereupon the cause was appealed to the court of appeals, and the judgment of the county court was reversed. 6 Colo. App. 181. From this latter judgment the cause is brought into this court by Stanley upon a writ of error.

We are in full accord with the court of appeals upon all the questions passed upon by it; but one of the important, and, as we think, the controlling question in the case, seems to have escaped the attention of that court, to wit: the effect of the delay by The Citizens' Coal & Coke Company in taking possession of the mortgaged property after the maturity of its mortgage.

A brief statement of the facts will be necessary to a full understanding of the manner in which this question arises. On and prior to the month of December, 1892, one W. F. Mitchell was carrying on a coal and feed business in the city of Denver. Upon the 12th day of December, plaintiff in error—Stanley—became a partner in this business by purchase. Stanley and Mitchell continued to carry on the business together until the 24th day of the following month of January, at which date, finding that the business was not sufficient to support both, Stanley sold out to Mitchell, who thereupon became the sole proprietor. The consideration agreed upon for this sale was $215.35. Of this amount a promissory note was given by Mitchell to Stanley for $200, due one hundred and twenty (120) days after the date thereof, with interest at eight per cent per annum. This

note bears date February 6, 1893, and is secured by a chattel mortgage in due form, upon the property in controversy.

At the time of this sale the copartnership was owing The Citizens' Coal & Coke Company $200. The company, becoming alarmed with reference to this claim, agreed to take and did accept, the individual note of Mitchell for this amount, dated February 3, 1893, and payable one day after date. This note was secured by a chattel mortgage upon the property in controversy, described in the mortgage as follows:

"One horse—gray; brand, horse head on the left hip; weight about twelve hundred; eight years old; one single transfer wagon; one set single harness — heavy; one set scales,—Fairbanks No. 11½; one coal stove; fork and shovel; Stock on hand at time of expiration; Insurance on stock, etc., as per policy 373,117, Union Insurance Co."

The mortgage to Stanley was not made expressly subject to the mortgage given to the coal company, although that mortgage is excepted in the warranty of title therein; and we shall assume that Stanley had notice of the prior mortgage. But when the mortgage to The Citizens' Coal & Coke Company matured that company made no effort to take possession of the mortgaged property, but allowed the same to remain in the hands of the mortgagor,—who continued to carry on the business as theretofore,—until the second day of the following month. On March 2, Mitchell, finding that he could not make the business pay, surrendered the business and mortgaged property to Stanley who took possession, under his chattel mortgage. Stanley had been in possession but a few hours when a representative of The Citizens' Coal & Coke Company appeared at the store, and demanded that the property be turned over to that company,—basing this demand upon the prior mortgage. Stanley refused to surrender possession, and the agents of the coal company took possession of the property by force.

In these circumstances, which of these two parties had the better right to the property in controversy?

It is apparent from the foregoing statement that the coal company's mortgage fully matured on·the 4th day of February. The evidence shows that the property mortgaged was situate but a few blocks from the coal company's place of business. No attempt, however, was made to take possession of the property until nearly one month had elapsed after the maturity of the mortgage, and we have searched the record in vain for any excuse or explanation for this delay, which, we think, under the settled law of this state, is fatal to the claim of defendant in error. After default in payment of the note and upon maturity of the mortgage, the relations of the mortgagor—Mitchell—and the coal company to the property are governed by the rule applicable to the relations between vendees and creditors. *Atchison v. Graham,* 14 Colo. 217. The statute of frauds of this state provides that " every sale made by a vendor of goods and chattels in his possession, or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor or the creditors of the person making such assignment, or subsequent purchasers in good faith; and this presumption shall be conclusive." 1 Mills's Annotated Statutes, sec. 2127. 2027

This statute does not permit a sale of personal property without delivery and actual and continued change of possession, to be explained in a suit by a creditor, as may be done in some other states under dissimilar statutes. Here, the presumption is conclusive that such a sale is fraudulent and void.

The defendant in error having neglected to take possession of the mortgaged property upon the maturity of the note and having waited an unreasonable time thereafter, lost the priority of his lien, and his conduct in taking the property forcibly from the possession of plaintiff in error was unlawful. *Allen v. Steiger,* 17 Colo. 552; *Atchison v. Graham,*

14 Colo. 217; *Sweeney v. Coe,* 12 Colo. 485, *Bassenger v. Spangler,* 9 Colo. 175; *Wilcox v. Jackson,* 7 Colo. 521; *Cook v. Mann,* 6 Colo. 21.

The county court rendered judgment for $275; this amount being the adjudged value of the property. As shown by the court of appeals, it was error to render judgment for so large an amount, as Stanley's claim was only for $208, principal and interest, and he is only entitled to have his claim satisfied out of the property. In this particular the judgment of the county court must be modified, and as so modified, it should be affirmed. The judgment of the court of appeals is, accordingly, reversed, and the cause remanded, with directions to proceed in accordance with this opinion.

*Reversed.*