[No. 2016.]
## BEAR v. HANSEN.

CHATTEL MORTGAGE—DUTY OF MORTGAGEE TO TAKE POSSESSION AF-
TER MATURITY—LACHES—REPLEVIN.

Defendant held a chattel mortgage on a horse which authorized the
mortgagor to retain possession until the debt matured. Nineteen
days after the debt matured, the mortgagor, being in possession, sold
the horse, and two months thereafter his vendee sold it to plaintiff.
Plaintiff put the horse in defendant's livery stable, and defendant
retained possession, claiming title under his chattel mortgage. De-
fendant offered no valid excuse for his delay in taking possession.
*Held* that defendant by his unnecessary delay in taking possession
after the maturity of his debt forfeited his right as against plaintiff,
and that plaintiff by replevin might recover the horse with damage
for its retention.

*Appeal from the County Court of Gilpin County.*

Mr. JAMES M. SEARIGHT, for appellant.

No appearance for appellee.

THOMSON, J.

Replevin for a horse. Judgment for defendant, and appeal
by plaintiff. The following are the undisputed facts : On
April 8, 1898, G. Guy Farley, the then owner of the horse,
made his promissory note to P. C. Hansen, the defendant,
for $70.00, due in thirty days, and to secure its payment when
due, executed to Hansen a chattel mortgage of the horse. On
the 27th day of May, 1898, Farley sold the horse to one
George N. Fairman, and on July 27, 1898, Fairman sold the
horse to the plaintiff. The defendant was engaged in the
livery business in Central City. On the 26th day of Au-
gust, 1898, the plaintiff, who lived in Eldora, having driven
to Idaho Springs, on his return, put his team, one of which
was the horse in question, into the defendant's barn; and the

defendant finding the horse there, took possession of it, claiming title to it by virtue of the chattel mortgage. The mortgage provided for the retention by the mortgagor of the possession of the horse until default in the payment of his note.

The note matured May 8, 1898. It was not paid. Nineteen days afterwards, the mortgagor sold the horse to Fairman; Fairman kept him two months and sold him to the plaintiff; and he was in the plaintiff's possession a month before the defendant took him. No valid reason appears why the defendant did not take possession of the horse when the note matured. The legal title then vested in him, and as against creditors and subsequent purchasers, it was his duty to take the property into his possession without unnecessary delay. The retention of the property by the mortgagor, for nineteen days longer, is totally unexplained. If the defendant had acted with the diligence which the law exacts, there would have been no sale of the horse by Farley. But he waited until the horse was twice sold, and when he finally took the property, more than three and one half months had elapsed since his right to its possession accrued. By his own gross negligence, he lost all right to the horse as against the plaintiff. *Atchison v. Graham*, 14 Colo. 217; *Brereton v. Bennett*, 15 Colo. 254; Mills' Ann. Stat. sec. 2027. The horse is the property of the plaintiff.

The judgment is reversed, with instruction to the court below to cause the value of the property to be found, and the damages for its detention assessed, and to enter the judgment provided by the statute in such cases, in favor of the plaintiff.

*Reversed.*