[No. 5215.]
[No. 2829 C. A.]

CASSELL v. DEISHER.

1. **Appellate Practice—Findings Based on Conflicting Evidence —Not Disturbed on Appeal.**

Where the evidence is directly conflicting, although there may be evidence tending to show a different conclusion than that reached by the trial court, since that court saw the witnesses and heard them testify, the finding will not be disturbed on appeal.—P. 369.

2. **Chattel Mortgages—Default—Failure to Take Possession— Fraudulent Per Se—Statutory Construction.**

Under the statutes of Colorado, the failure of a chattel mortgagee to take possession of the mortgaged property within a reasonable time after default, makes the mortgage fraudulent per se as to subsequent purchasers and creditors, and the failure so to do cannot be explained.—P. 370.

3. **Chattel Mortgages—Default—Failure to Take Possession— Reasonable Time—Statutory Construction—Effect on Second Mortgagee.**

Under Sess. Laws 1899, c. 86, declaring 30 days to be a reasonable time after default within which to take possession of mortgaged chattels, where the first mortgagee permitted the property to remain in the hands of the mortgagor for more than thirty days, the second mortgagee, taking possession thereafter but prior to the first mortgagee claiming possession, has a prior right to the property, although his mortgage was "subject" to the first, and his debt had been matured for more than four months, since, under the circumstances, the one first acquiring possession was entitled to priority.—P. 373.

4. **Chattel Mortgages—Two Mortgagees—Marshaling Assets— Rule Not Applicable to Issues.**

Where, in an action by one mortgagor against another for the return of the mortgaged property, there is no issue that

defendant's mortgage covers other property than that included in plaintiff's mortgage, and no evidence as to the value or amount of any such property, the rule analogous to the marshaling of assets, to the effect that defendant must first resort to such property before applying the property covered by both mortgages to his debt, cannot be invoked by plaintiff.—P. 373.

*Appeal from the District Court of Arapahoe County. Hon. Frank T. Johnson, Judge.*

Action by Robert T. Cassell against Winfield S. Deisher. From a judgment for defendant, plaintiff appeals. *Affirmed.*

Mr. ENOS MILES and Mr. HENRY HOWARD, Jr., for appellant.

Messrs. WARD & WARD, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The controversy is between successive mortgagees of the same chattel property. Jacob Smith was indebted to plaintiff Cassell, and gave him his note for the amount of the debt, and secured the same by a chattel mortgage on a piano. Before this debt became due, Smith gave a note to the defendant Deisher, which matured before the plaintiff's note, and secured it by a second mortgage on the same piano. Fifty-nine days after the maturity of the first, and more than four months after the maturity of the second, mortgage, Deisher, second mortgagee, took possession of the piano under his mortgage and refused to deliver it to the first mortgagee, the plaintiff, upon demand made several days thereafter.

At the trial the principal question of fact litigated was whether the plaintiff, the first mortgagee, had, as he asserted, taken prior possession of the property. The testimony was directly conflicting, plaintiff's testimony tending to show that he first took it

from the mortgagor's possession and delivered it to a custodian; the evidence of the defendant tending to show that, though the mortgagor had parted with the possession of it, the mortgagor, and not plaintiff, delivered it to this custodian as the mortgagor's agent from whom defendant took it. The cause was submitted to the court without a jury, and findings were made upon this and other controverted issues in favor of defendant. It may be, as counsel contend, that there is evidence tending to show a scheme on the part of the mortgagor and the second mortgagee to circumvent plaintiff in the matter of possession, but the court saw the witnesses and heard them testify and decided the issue in favor of defendant. In disposing of this appeal we must, therefore, under the established rule in this jurisdiction, assume the fact to be that after the maturity of the two mortgages the defendant, second mortgagee, first took possession of the mortgaged property.

The question of law is: Which of the two mortgagees has the better claim to the property? The plaintiff, first mortgagee, says that, since the defendant, second mortgagee, by the express language of his mortgage, took "subject to a prior mortgage," he stood in the shoes of the mortgagor, and obtained by his conveyance merely the right to redeem therefrom; hence plaintiff, first mortgagee, by failing to take possession of the mortgaged property within a reasonable time after its maturity, did not, by such remissness, lose his priority. To this are cited the text in 2 Cobbey on Chattel Mortgages, § 1039; Jones on Chattel Mortgages (4th ed.), § 494; *Pecker v. Silsby,* 123 Mass. 108; *Howard v. Chase,* 104 Mass. 249; and *Tuite v. Stevens,* 98 Mass. 305. These decisions apparently support the plaintiff's contention.

The cases, however, upon which the text writers base their statement of the rule, were manifestly

made in jurisdictions whose statutes do not, like ours, require a mortgagee to take possession of the mortgaged property within a reasonable time after default at the peril of losing the priority of his lien. In Illinois, Montana and Colorado the statutes on this subject, as construed by the courts, declare that, as to subsequent purchasers and creditors, such failure makes the mortgage fraudulent *per se,* and the default in taking possession cannot be explained.

*Harbison v. Tufts,* 1 Colo. App. 140; *Cassidy v. Harrelson,* 1 Colo. App. 458; and *Citizens' Coal Co. v. Stanley,* 6 Colo. App. 181, based on the two former cases, also give color to, if they do not sustain, plaintiff's position. But the latter case came here as *Stanley v. Citizens' Coal Co.,* 24 Colo. 103, and the judgment of the court of appeals was reversed. The doctrine of these three cases on this particular point is not, therefore, the law in this state. In the *Stanley case* we held that a mortgagee of chattels who neglects to take possession of the same upon the maturity of the debt, or within a reasonable time thereafter, loses his lien as against a creditor taking a second mortgage with notice of the prior incumbrance.

But plaintiff seeks to distinguish this from that case by pointing out that in the second mortgage in the *Stanley case* there was an "exception" to a former mortgage, whereas in the present case the second mortgage was taken "subject to a prior mortgage." We think the two cases are, in principle, alike; and the language of this instrument, "subject to a prior mortgage," makes the rights of the second mortgagee in nowise different from what the law says they would be if he has constructive notice of a prior recorded mortgage. The second mortgagee merely takes an inferior lien and subject to the rights of a first mortgagee.

The question then recurs: What, as to a subsequent mortgagee, are the rights of a first mortgagee? We expressly held in the *Stanley case, supra,* that, after default in the payment of the note and upon maturity of a chattel mortgage, the relations of mortgagor and mortgagee therein are governed by the rule applicable to the relations between vendee and creditors; and this rule makes it necessary that the mortgagee take possession within a reasonable time after the maturity of the debt, else a second mortgagee, after the maturity of his debt, if he first obtains possession of the mortgaged property, has the better right to it.

In our investigation, we find *Cunningham v. Nelson Mfg. Co.,* 17 Bradwell (Ill.) 510, wherein it was held that, where a second mortgage is given on chattel property before the maturity of a prior mortgage, and the first mortgagee delays foreclosing the mortgage until several months after its maturity, the second mortgagee can take no advantage of appellee's delay in taking possession. This was based upon the case of *Arnold v. Stock,* 81 Ill. 407, holding that a purchaser from a mortgagor, before the maturity of the mortgage debt, occupies the same relation to the mortgagee that the mortgagor does, and cannot be heard to dispute the right of the mortgagee to possession of the property after the maturity of the debt on the ground of *laches* in not reducing it to possession within a reasonable time after the indebtedness matured. In a subsequent case in the appellate court, *Ballinger v. Rezner,* 60 Ill. App. 43, it was held, as stated in the syllabus, that "of two mortgagees, where the first fails to take possession of the property on the maturity of his debt or within a reasonable time, the second may do so, and, by so doing, obtain a priority over the first mortgagee." The court, in a carefully prepared opinion, distin-

guished between the rights of a second mortgagee, the case then in hand, and a subsequent purchaser for value who bought before the maturity of the first mortgage, which was the *Cunningham case*. Other decisions more or less in point are: *McCreary v. Hannah*, 60 Ill. App. 451; *Magerstadt v. Harder*, 95 Ill. App. 303.

The rule in the *Stanley case*, applied to the facts of this case, gives the second mortgagee the better right. The supreme court of Illinois in *Atkins v. Byrnes*, 71 Ill. 326, which, if not overlooked, seems to have escaped discussion in the later cases in the appellate court, is in line with the conclusion in the *Stanley case*. The court there, speaking by Mr. Justice Scholfield, said that where two successive mortgagees have both permitted property to remain in the possession of a mortgagor an unreasonable length of time after the maturity of their respective mortgages, neither one could, as against the claim of a third party, enforce them, but as against each other the one first acquiring possession of the property was entitled to priority.

That case is directly in point here, for Cassell, the first mortgagee, according to the finding of the trial court, allowed the property to remain in possession of the mortgagor more than thirty days after the maturity of his debt, and while Deisher, the second mortgagee, did not take possession until more than four months after the maturity of his debt, he took possession before the first mortgagee did. The second mortgagee, therefore, has the better right.

In *Brereton v. Bennett*, 15 Colo. 254, the same doctrine declared later in the *Stanley case* was announced, though the latter case contains no reference to it. The *Brereton case* ruled that where by the terms of a chattel mortgage the mortgagor is to retain possession of the property until the maturity of

the note and mortgage, it is the duty of the mortgagee to take possession within a reasonable time after a default, and where he delays acting for nearly two months his rights under the mortgage become subject to those of subsequent mortgagees. At the time the mortgage in the pending case was given, by the statute of this state (Session Laws 1899, p. 160), thirty days was declared to be a reasonable time within which to take possession of mortgaged chattels under the facts of this case. These two cases and this statute settle conclusively the present controversy in favor of defendant on this phase of the case.

Plaintiff makes the additional point that, since defendant's mortgage covers other property than that included in plaintiff's, under the doctrine analogous to the equitable rule which governs the marshaling of assets, defendant cannot, in any event, resort to the piano until he has applied such other property to his debt. We find no such issue in the pleadings, though the abstract shows reference to it in the evidence. It is not made to appear, however, what was the value of this additional property, or how much of it, if any, defendant seized under his mortgage. No specific findings of fact were made, but if this issue was tried, it was decided in defendant's favor. The proposition of law which we are asked to apply is, therefore, not applicable to the state of facts which the trial court has found to exist.

The judgment of the district court, being in harmony with our views, is affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.