[No. 5989.]

### BABBITT v. BENT COUNTY BANK.*

1. **Chattel Mortgage — Acknowledgment —** The acknowledgment of a chattel mortgage may, where no fraud is charged, be effectually taken and certified by the cashier of a bank which is the mortgagee. The record of the mortgage so evidenced, is constructive notice to all the world.—(261)

2. **——Possession Remaining With the Mortgagor —** Where the mortgagor of chattels is permitted to retain possession after maturity of the mortgage, for more than the period prescribed by statute, the mortgage is constructively fraudulent, and without effect as to a mortgage executed prior to the maturity of the first, even though such second mortgage is expressly declared to be subject to the first.—(260)

*Appeal from Bent District Court*—Hon. HENRY HUNTER, Judge.

Mr. ALLEN M. LAMBRIGHT for appellant.

Mr. H. L. LUBERS for appellee.

* Time granted to file petition for rehearing. Publication delayed by omission to notify reporter that no petition had been filed.

This cause comes here on appeal by the defendant below, William Babbitt, from a judgment in favor of plaintiff below, the Bent County Bank of Las Animas, a Colorado corporation. The contest is between the above parties, as to the priority of chattel mortgage liens, held respectively by them, on the same property. On July 23, 1902, the Baileys, owners and in possession of the property covered by the mortgages in question, executed their two promissory notes for $10,241.19 to the defendant, the last one of which fell due July 23, 1904, and secured the same by chattel mortgage, regularly certified and recorded, on the property described in the complaint. Before maturity $8,000.00 was paid on this indebtedness, leaving a balance due thereon of $2,-569.76. On July 30, 1903, the Baileys executed their note to the plaintiff bank for $739.30, due in six months after date, and another one for $1.00, due two years after date, and secured their payment by chattel mortgage on the same property, subject to the Babbitt mortgage, which bank mortgage was duly recorded in the offices of the respective county clerks of the counties in which the property was located. The regularity of the acknowledgment of the latter mortgage, however, is questioned, as hereinafter pointed out. On July 23, 1904, when the last note, to secure the payment of which the first mortgage was given, matured, Babbitt took a new mortgage on the same property to secure new notes from the Baileys, aggregating $3,-219.00, one thereof for $3,000.00, due in one year, and the other for $219.00, due in two years. These new notes covered $2,569.76 of the old, and $649.24 of the new indebtedness, the latter being for advances made meanwhile by Babbitt to the Baileys, in connection with the care and keep of, and in additions to the mortgaged property. The original

notes were not surrendered, nor was the first Babbitt mortgage released of record. The second Babbitt mortgage made no mention of his first one, neither was it extended by affidavit under the statute or otherwise. Each of the mortgages provided that possession of the property should remain with the mortgagors until default made. The acknowledgment of the bank mortgage was taken before P. G. Scott, notary, who was at the time the cashier, a director of and a stockholder in the bank corporation. Because of this fact defendant says the acknowledgment was no acknowledgment, and therefore that the bank's mortgage was not entitled to record, is a void instrument and creates no lien. Not until about eleven months after the first Babbitt mortgage matured did he make any attempt to take possession of the property covered thereby, the bank mortgage meanwhile being in full force and effect. When he then did so, the bank commenced this suit in replevin, claiming its mortgage as first lien. Judgment below was for the bank.

Mr. JUSTICE BAILEY delivered the opinion of the court:

There are two questions for consideration:

First — Had the bank, under its mortgage, if properly acknowledged, the first lien?

Second—Was the bank's mortgage, as acknowledged and certified, entitled to record, and is such record constructive notice to Babbitt?

On the authority of *Cassell v. Deisher,* 39 Colo. 372, which involves the same question, as to priorities of chattel mortgages on the same property, the second mortgage, as here, by its express terms, being subject to a prior one, the first question must be answered in the affirmative. The court in that case held in substance and effect, following the

like rule laid down in *Brereton v. Bennett,* 15 Colo. 254, and *Standley v. Coal & Coke Co.,* 24 Colo. 103, that where the prior mortgagee fails to take possession of the mortgaged property, within a reasonable time after maturity of his note—thirty (30) days being fixed by statute as such reasonable time, to secure the payment of which the mortgage is given— he loses the priority of his lien.  As between the bank and Babbitt there is here no question of equitable cognizance, the former stands, as it may well do, upon its strict legal right.  Upon the failure of Babbitt, for a period of about eleven months, either to renew or extend his first mortgage, or thereunder to take possession of the property, under the statute relative to the sale and delivery of personal property, and our decisions, clearly his prior lien was extinguished, as against a subsequent, valid, subsisting mortgage.  In addition to the foregoing cases to this point we cite: *Allen v. Steiger,* 17 Colo. 552; *Atchison v. Graham,* 14 Colo. 217; *Sweeney v. Coe,* 12 Colo. 485; *Bassinger v. Spangler,* 9 Colo. 175; *Wilcox v. Jackson,* 7 Colo. 521; and *Cook v. Mann,* 6 Colo. 21.

Upon the claim that the acknowledgment of the mortgage to the bank was taken before a notary who was the cashier of, and a stockholder in, that corporation, and the mortgage therefore invalid, it is to be observed that on its face the mortgage was fair and entitled to record.  The taking of this acknowledgment, unlike that of a married woman, where separate examination is required, was purely ministerial.  The alleged infirmity is a matter outside the record, that may not be taken advantage of except for fraud.  If there was fraud in fact, of which there is no intimation, it should have been averred and proven.  In the absence of such averment and proof, the record of the mortgage must be held to

have been constructive notice to Babbitt. To say otherwise would be to overturn the purpose of the law providing for this notice. Such policy would destroy the reliability of records, and lead to mischievous dissentions, rather than to the stability and security of property rights. The rule here announced is well settled.—*Brereton v. Bennett, supra; Bank v. Hove,* 45 Minn. 40; *Heilburn v. Hammond,* 13 Hun. (N. Y.) 475; *Bank v. Conway,* U. S. Cir. Ct., 4th Dist., 1 Hughes 37.

No error appearing in the record, the judgment is affirmed.                        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.