[No. 6561.]

## OWEN V. OWENS.

1. CHATTEL MORTGAGE—*Possession Remaining With the Mortgagor After Default*—Mortgagee of chattels who permits them to remain in possession of the mortgagor for an unreasonable time after the maturity of the mortgage debt, loses his lien as against the intervening claim of a third person—(94).

And where of two mortgagees of the same chattels, from the same mortgagor, each permits the mortgagor to retain the goods for an unreasonable time after default made, he who first takes possession is preferred—(94).

That his mortgage is junior in time, and that at the time of accepting it he has actual notice of the prior mortgage is immaterial—(93, 94).

Under the statute (Laws 1899 c. 86, Rev. Stat. Sec. 518) thirty days and no more is allowed the mortgagee, after the mortgage debt matures, in which to assume possession of the chattels—(94).

*Error to Chaffee District Court*—Hon. MORTON S. BAILEY, Judge.

Mr. GILBERT A. WALKER, for plaintiff in error.

Mr. G. K. HARTENSTEIN, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

This controversy is over the right to the possession of certain personal property, claimed by each of the respective parties hereto, as mortgagee thereof, from the same mortgagor.

The mortgage, under which plaintiff in error claims, was acknowledged June 29th and recorded July 1, 1903. It was given to secure the payment of a promissory note due December 5, 1903. The mortgage is set forth in the amended complaint, and is in the usual form, reserving to the mortgagor the right of possession of the chattels until default in payment of the note, upon which event the right of possession should vest in the mortgagee.

Defendant's mortgage is subsequent in date and record to plaintiff's, and was taken with actual and constructive notice thereof. June 1, 1904, defendant, under and by virtue of this mortgage, took possession of the chattels from the mortgagor, in whose possession they had, until then, continuously remained. Plaintiff sought to recover possession of the chattels from defendant. These facts all appear from the amended complaint.

Defendant demurred, upon the grounds, that the amended complaint fails to state a cause of action, and, in certain particulars named, is ambiguous, unintelligible and uncertain.

The demurrer was sustained, and judgment entered against defendant, to reverse which he prosecutes this suit.

Where two successive mortgagees have both permitted the mortgaged property to remain in the possession of the mortgagor for an unreasonable length of time, after the maturity of the respective mortgages, neither one can, as against the claim of a third party, enforce his mortgage lien, but, as against each other, the one first acquiring possession of the property is entitled to priority.—§ 518, Rev. Stat.; *Cassell v. Deisher*, 39 Colo. 367.

Under the facts of this case, and the law as declared by the statute and case cited, thirty days was a reasonable time in which to take possession of the mortgaged chattels after the maturity of the indebtedness secured by the mortgage.

The amended complaint shows, that not only thirty days, but six months, had elapsed since the maturity of the indebtedness secured by the mortgage under which plaintiff claims, when defendant took possession of the chattels. What time had elapsed, after the maturity of the indebtedness secured by defend-

ant's mortgage, is not disclosed, but is of no consequence. Defendant, by virtue of his mortgage, first acquired possession of the property, and, under the law, is entitled to priority. The question of notice is wholly immaterial.—*Cassell v. Deisher, supra; Stanley v. Citizens' C. & C. Co.*, 24 Colo. 103; *Brereton v. Bennett*, 15 Colo. 254.

The statute, and the cases cited, settle the controversy in favor of defendant in error. The judgment is, therefore, affirmed.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.