No. 10,537.

BROADHEAD *v.* FARMERS STATE BANK OF SEDGWICK,
COLORADO.

Decided December 18, 1922.

Action to determine priority of chattel mortgage liens.
Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. CHATTEL MORTGAGE—*Mortgagees—Priority of Liens.* Where there
are two mortgages executed by a mortgagor on the same chattel
property to different mortgagees, and the first mortgagee fails to
take possession of the mortgaged property within thirty days af-
ter maturity of the debt which is secured, the second mortgagee
may, by taking possession before the first mortgagee, divest the
lien of the first mortgage and obtain the superior right.

2. COURTS—*Conflict of Decisions.* In case of a conflict between de-
cisions of the supreme court and court of appeals, those of the
former prevail and constitute the law of this jurisdiction.

*Error to the District Court of Sedgwick County, Hon. L. C.
Stephenson, Judge.*

Messrs. POUND & MARSHALL, for plaintiff in error.

Messrs. ROLFSON & HENDRICKS, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a controversy between successive mortgagees of
the same property by the same mortgagor. The sole ques-
tion for decision is: Does the holder of a first mortgage
lien upon chattels lose his lien by failure to take possession
of the mortgaged chattels within thirty days after the se-
cured debt becomes due, (or, in lieu thereof, to file an ex-

tension), as against the holder of a junior chattel mortgage lien, where the chattel mortgage creating such junior lien expressly provides that the same "is subject to the prior mortgage?" This Court, in repeated decisions has determined that he does. *Atchison v. Graham,* 14 Colo. 217, 23 Pac. 876; *Stanley v. Citizens' C. & C. Co.,* 24 Colo. 103, 49 Pac. 35; *Brereton v. Bennett,* 15 Colo. 254, 25 Pac. 310; *Cassell v. Deisher,* 39 Colo. 367, 372, 89 Pac. 773; *Babbitt v. Bent Co. Bank,* 50 Colo. 258, 108 Pac. 1003; *Owen v. Owens,* 51 Colo. 93, 117 Pac. 134; *Metropolitan State Bank v. Wright,* 72 Colo. 106, 209 Pac. 804.

Counsel for the defendant in error here, the first mortgagee, admit that these cases are against their contention, which is that the lien first in time is not displaced. They say that the earlier decisions of our Court of Appeals, *Cassidy, et al. v. Harrelson,* 1 Colo. App. 458, 29 Pac. 525; *Citizens' Coal & Coke Co. v. Stanley,* 6 Colo. App. 181, 40 Pac. 693, and our own later case, *Sharp v. Hollister,* 65 Colo. 110, 174 Pac. 301, sustain their view of the law.

The two cases from the Court of Appeals are in their favor, but this Court said in *Cassell v. Deisher, supra,* that their doctrine, on this particular point, is not the law in this State. In *Stanley v. Citizens' Coal & Coke Company,* 24 Colo. 103, 49 Pac. 35 the decision of the Court of Appeals, 6 Colo. App. 181, 40 Pac. 693, was reversed, on the very point in issue here. The Sharp case is not what counsel claim for it. The question now before this Court was not there involved. That was a controversy between a first and a second mortgagee, as to the validity of the first mortgage at the time of its execution, and the holding of the court was, that since the first mortgage, though void as to subsequent purchasers and creditors, because it permitted the mortgagee to retain possession and use and enjoy for himself the merchandise included in the mortgage, still it was good as between the parties; hence the second mortgagee was estopped the same as the mortgagor would be to question its validity. Quite different is that from the class of cases, of which this is one, in which this court has

repeatedly held, in the cases cited, that, although at the time of the execution of the mortgages, both are valid, and the lien of the first is superior, nevertheless, if the first mortgagee fails to take possession of the mortgaged property within thirty days after maturity of the debt which it secures, the second mortgagee may, by taking possession before the first mortgagee does, divest the lien of the first mortgage which, at first, was senior, and thus obtain the superior right for himself. That the writer of the Sharp opinion did not intend to overrule or question our previous decisions, above cited, is apparent when he states that the question he was there called upon to decide does not appear to have been passed upon in this jurisdiction, and it is also manifest from his citation, with approval, of the Cassidy and Stanley cases from our Court of Appeals, both of which he considered as authority for the point he was there discussing, but which he knew had, in the cases *supra*, from 24 and 39 Colorado, been repudiated by this court, on the point now before us in the instant case. The author of the Sharp opinion knew of these two cases in our own court, and as he did not cite or refer to them it must have been because the point actually therein decided, was not the point or matter decided in the case he was discussing, which he said had not theretofore been passed upon in this jurisdiction.

Defendant in error also cites the case of *Littell v. Brayton Motor & Accessory Company,* 70 Colo. 286, 201 Pac. 34, which holds that a lien for work on an automobile is subject to a previous mortgage on the same, if the person doing the work had notice of the mortgage. That decision has no bearing whatever upon the instant case. The defendant there, the second lien claimant, had actual notice of the prior mortgage and, before the expiration of the lien thereof, took and held possession of the property under an inferior workmen's lien. The decision there was unquestionably right, because the one holding the inferior, took possession before the expiration of the lien of a prior, valid, lien, and, of course, as the claimant of an inferior

lien, he could not displace the superior.   These two later decisions of this court relied upon by defendant in error, are consistent with our previous decisions like the Stanley case.

But counsel for defendant in error further say that section 4 of the Chattel Mortgage Act, Session Laws of 1917, p. 127, is a legislative repeal of these previous decisions. The section reads:

"Section 4.   Any person who buys or otherwise obtains an interest in any personal property covered by a mortgage, which is valid and effective between the parties thereto, with actual notice of such mortgage, shall be considered to have bought or obtained such interest subject to the mortgage, the same as if the mortgage had been executed and filed or recorded pursuant to the provisions of this Act."

The section is not susceptible of such interpretation, nor was it intended to accomplish the purpose asserted.   It merely provides that one who has actual knowledge of an unrecorded mortgage, when he acquires some interest in the property included in it, takes his interest subject thereto, the same as if the mortgage had been executed and filed or recorded pursuant to the provisions of the act.   Plaintiff's construction is made by ignoring the concluding part of the section, which makes actual notice or knowledge the same as constructive notice, furnished by the record.   It gives to the one who has actual notice, not the same, but greater, rights than it gives to the one who has constructive notice, which is unauthorized by the General Assembly. The previous decisions of this court, referred to, properly interpreted in the different cases, in the light of the different state of facts, are not in conflict.   Such conflict as once existed in this jurisdiction between this court and our Court of Appeals, as to the precise question here involved, no longer exists, because the decisions of this court, not the reversed decisions of the Court of Appeals, constitute the law in this jurisdiction.   The district court was in error in holding that the lien of the first mortgage was not lost

in the circumstances. Application for supersedeas denied, and judgment is reversed and the cause remanded, with instructions to enter a judgment of dismissal of the action and in favor of the defendant, who is the plaintiff in error here.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.