## No. 11,030.

## Farmers State Bank of Brighton v. Anglo-American Mill Co.

Decided December 1, 1924.

Action to recover possession of personal property.  Judgment for plaintiff.

### Reversed.

1. Chattel Mortgage—*Conditional Sale.*   Contract for the sale of a rolling mill—possession being delivered to purchaser—providing that the title should remain in the seller until the purchase price was paid, held to be an absolute sale, with chattel mortgage back, and not a conditional sale.

2. *Second Mortgage—Knowledge—Effect.*   Knowledge of a subsequent mortgagee of an unrecorded contract between the buyer and seller of mill property, which in effect was a chattel mortgage, did not make the second mortgage void.

3. *Two Mortgages—Priority of Lien.*   Where there are two chattel mortgages on the same property, and the senior mortgagee fails to take possession in apt time after the maturity of his debt, possession by the second mortgagee divests the lien of the first mortgage.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. Harry Behm, for plaintiff in error.

Messrs. Dana, Blount & Silverstein, for defendant in error.

*Department Three.*

Mr. Justice Campbell delivered the opinion of the court.

This controversy grows out of the sale of a rolling mill and its equipment which the manufacturer, The Anglo-American Mill Company, a Kentucky corporation, plaintiff below, was requested to, and did, deliver at Brighton, Colo-

rado, to the purchaser Blumenthal, whose rights and liabilities thereunder were assumed by the defendant Colorado Marvel Mill Company, Blumenthal's vendee. Upon receipt of the property the original purchaser, Blumenthal, gave a chattel mortgage upon it to The Farmers State Bank of Brighton to secure the payment of a bank loan of $3,850. The Kentucky mill company, the seller, contending that the transaction between it and the buyer was a conditional sale and the title was not to, and did not, pass to the buyer until the entire purchase price was paid, brought this action to recover possession of the property because of a breach of the sales contract by the buyer in failing to make the prescribed payments, for which failure the contract of sale authorized the seller to take possession. The bank, as mortgagee, intervened claiming a right superior to that of the defendant buyer, because of a breach of the conditions of its mortgage, and also paramount to the right of the plaintiff seller, upon the ground that the sale was an absolute sale, with a secret lien or mortgage back constituting an unrecorded chattel mortgage, and possession of the property not having been taken by the mortgagee; and even if the bank, at the time it took its mortgage and its rights thereunder accrued, was aware of the existence of the sales contract, as it was, still, since the seller failed for a long time after the expiration of its mortgage to take or demand possession of the property, which continuously remained in the possession of the buyer after delivery, intervener's right is senior to the rights of the other parties. Upon the trial the court found, as between the plaintiff seller, the Kentucky mill company, and the bank, mortgagee of the buyer, in favor of the former and rendered judgment accordingly. It seems that, as between the defendant buyer and its mortgagee, the bank, the rights of the latter are not questioned here, and the defendant Colorado mill company is not attacking the judgment. The bank has brought the case here for a review, and the issues to be determined are between the plain-

tiff seller of this mill and machinery and the mortgagee of the buyer.

In *Anglo-American Mill Company v. First National Bank of Glenwood Springs*, 76 Colo. 57, 230 Pac. 118, a sales contract of the same Kentucky corporation, in substance the same as the so-called license or sales contract now before us, was considered.  We there held that the transaction between the parties evidenced by such a contract was not a conditional, but an absolute, sale with a secret lien reserved to the seller company.  As such we said that as to one who, in good faith, acquired rights in the property without knowledge of its existence, the rights of the latter were superior.  And as to one who had knowledge of the contract, a chattel mortgage, when his rights thereafter accrued, such as a subsequent mortgagee or lien claimant, and where the seller mortgagee had permitted the buyer to retain possession of the property, the rights of the subsequent mortgagee or claimant were superior to the rights of the first mortgagee.

We are satisfied with, and adhere to, our construction of the sales or license contract as made in that case, and we, therefore, hold in this case in harmony therewith that the contract between the plaintiff Kentucky company and Blumenthal was, in effect, an absolute sale with a chattel mortgage back, and not a conditional sale of property, the title to which did not pass until the purchase price was fully paid.  The knowledge of the intervener of the contract between the seller and buyer of the mill property. and equipment, which transaction we say in legal effect was a chattel mortgage, did not at the time make the transaction void as to such intervener; but the mortgage which the latter took in good faith to secure a valid indebtedness and with knowledge of the prior mortgage, was at the time an incumbrance inferior to the lien or claim of the plaintiff.  There were, however, two mortgages of the same property to different mortgagees.  The prior mortgage, at first senior, has become a junior, incumbrance for the failure of the first mortgagee to take possession of

the property for more than sixteen months after the indebtedness secured by the mortgage became due. Indeed, counsel for the defendant in error here concedes that if the contract between the plaintiff company and Blumenthal was, in effect, as we have held it is, an absolute sale with a chattel mortgage back, the rights of the intervener are superior. Since we have held, and adhere thereto, that the transaction between the buyer and the seller of the machinery constituted a chattel mortgage, it necessarily follows from the former decisions of this court that the rights of the second mortgagee are superior. *Babbitt v. Bent County Bank,* 50 Colo, 258, 108 Pac. 1003, is almost on all fours with the present case. It was there held that even though a second mortgage is expressly declared to be subject to a first mortgage, of which of course the second mortgagee was thereby charged with notice, if the mortgagor of the property in the first or prior mortgage is permitted to retain possession after maturity of the mortgage for a longer time than the period prescribed by statute, the lien of the former mortgage is displaced. A recent decision of this court upon the subject is *Broadhead v. Bank,* 72 Colo. 430, 211 Pac. 376, where the earlier decisions of the court are reviewed. The court again said that the holder of a first mortgage lien upon chattels loses it by failure to take possession of the mortgage chattels within thirty days after maturity of the debt which is thereby secured, and the second mortgagee, by taking possession before the first mortgagee, may divest the lien of the first mortgagee and obtain the superior right. Other decisions are *Owen v. Owens,* 51 Colo. 93, 117 Pac. 134; *Cassell v. Deisher,* 39 Colo. 367, 372, 89 Pac. 773; *Dole v. Bank of Akron,* 8 Colo. App. 127, 45 Pac. 226. Here the second mortgage having been duly recorded and extended, was not due until after this suit was brought, and the constructive possession of the mortgagee, equivalent to actual possession, displaces the former lien.

Some other interesting and important questions are discussed by counsel in their briefs, the resolution of which

either way would not affect our conclusion. Other contentions of the defendant in error are without merit.

The judgment is therefore reversed and the cause remanded with instructions to the district court to set aside its former judgment and in lieu thereof to enter a judgment awarding possession to the intervener bank of the property described in its mortgage.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.