No. 11,217.

FIRST NATIONAL BANK OF LAS ANIMAS *v.* O'CONNELL.

Decided May 4, 1925.

Action to recover the value of mortgaged property. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. CHATTEL MORTGAGE—*Extension.* The attempted extension of a chattel mortgage before the maturity of the mortgage indebtedness is premature and without effect.

2.     *Lien.* The lien of a chattel mortgage as to third persons ceases to exist after the lapse of 30 days from the maturity of the note secured by the mortgage.

3.     *Notice.* Actual notice to a third person of a mortgage which as to him is void by reason of the expiration of the mortgage lien, is without effect.

4.     *Notice—Statute—Construction.* The provisions of section 5086, C. L. '21, concerning actual notice of a mortgage, must be limited in its application to third persons to cases where the mortgage has not been filed for record.

5. APPEAL AND ERROR—*General Finding—Effect.* There being a general finding in favor of a party, the presumption is that the court found all the facts necessary to sustain the judgment.

6.     *Fact Findings.* Findings of fact by the trial court which are supported by sufficient evidence will not be disturbed on review.

7. ASSIGNMENT—*Sale—Proceeds.* Under the facts disclosed, it is held there was no assignment of the proceeds of the sale of mortgaged property—made after the mortgage lien had expired—which was binding upon a purchaser at the sale.

*Error to the District Court of Bent County, Hon. A. F. Hollenbeck, Judge.*

Mr. ALLEN M. LAMBRIGHT, for plaintiff in error.

Mr. CHARLES E. SABIN, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

PLAINTIFF in error brought this suit in the county court to recover from defendant for personal property purchased by him at a public sale. Judgment there for defendant, from which an appeal was taken to the district court, where trial was had to the court without a jury. The court found generally for defendant and rendered judgment accordingly. Plaintiff brings the case here and moves for a supersedeas.

On April 29, 1921, one A. D. Daubin executed to the plaintiff bank a chattel mortgage covering certain personal property, a portion of which was purchased by defendant at a public sale held on March 23, 1922. The amount bid by defendant for the property purchased by him at the sale is the amount sued for in this action.

The mortgage was given to secure a note for $4,900, maturing six months after the date thereof. On October 21, 1921, the bank executed an extension affidavit for the purpose of an extension of the mortgage and filed the same for record, in the proper office, the day following. No other extension affidavit was ever filed. Daubin's indebtedness to the bank had not been paid at the time of the sale, and the bank had not taken possession of the property described in the mortgage. These facts are undisputed.

It is claimed by plaintiff that when defendant purchased the property at the sale, he had actual notice of the existence of the chattel mortgage; but counsel for plaintiff says, that regardless of that question, "there was a complete equitable assignment to the bank by Daubin of all his rights to the proceeds of the sale, and O'Connell bought with full liability to pay under this equitable assignment."

It is clear that there was no extension of the chattel mortgage. The attempted extension was premature, and the lien of the mortgage, as to third persons, ceased to exist after the lapse of thirty days from the maturity of the note secured by the mortgage. *Ferris v. Chambers,* 51 Colo. 368, 117 Pac. 994.

There was, therefore, at the date of the sale at which defendant purchased the property, no lien by virtue of the chattel mortgage, so far as the record thereof gave notice, on any of the property purchased by him, which affected him, although the mortgage was good as between the original parties.

The plaintiff's contention that defendant had actual notice of the existence of the mortgage at the time he purchased at the sale, and therefore he is not an innocent purchaser, cannot be sustained.

In the circumstances of this case the defendant did not, and could not, have actual notice of a valid and existing mortgage, but could only have had actual notice of a mortgage which as to him had become void, and as to him was void at the time of the sale. *Burchinell v. Gorsline,* 11 Colo. App. 22, 28, 52 Pac. 413; *Broadhead v. Bank,* 72 Colo. 430, 433, 211 Pac. 376; *Farmers State Bank v. Anglo-American Mill Co.,* 76 Colo. 309, 231 Pac. 156.

Section 5086, Comp. Laws 1921, which provides that one who buys property with actual notice of a mortgage shall be held to have bought subject to the mortgage, must be limited in its application, as to third persons, to cases where the mortgage had not been filed or recorded pursuant to the provisions of the statute. In *Broadhead v. Bank, supra,* this court held that "the concluding part of that section * * * makes actual notice or knowledge the same as constructive notice, furnished by the record."

As to plaintiff's claim that there was an equitable assignment of the proceeds of the sale, it may be conceded that there was, prior to the sale, some agreement or understanding between the bank and Daubin that the proceeds

of the sale should be paid to the bank and applied on the debt owed by Daubin to the bank.

There being a general finding in favor of defendant, the presumption must be, and is, that the court found all the facts necessary to sustain the judgment.

The findings of fact, and which we cannot disturb because supported by sufficient evidence, are that defendant was not a party to, and had no knowledge of, the agreement between the bank and Daubin; that defendant had at no time actual notice of the existence of any mortgage, whether valid or otherwise, from Daubin to the bank covering the property purchased by him at the sale; that with the knowledge and consent of the bank Daubin proceeded to get out sale bills, and distribute the same, advertising himself as the owner of the property to be sold; that no information at the sale was given to defendant, or to others, that the bank claimed to have a mortgage on the property or that it claimed to be entitled to the proceeds of the sale, or that the proceeds must be paid to the bank as mortgagee; that the sale was actually made by Daubin in his name and the property sold as his; that nothing appeared to those purchasing at the sale concerning the bank except that it was clerk of the sale, represented by Rawlings, as shown on the sale bills; that defendant was permitted to remove the property purchased by him without payment or offer of payment by him at the time, and that later defendant tendered to the bank in payment for the property purchased, a note of Daubin's held by him and the balance in cash, which tender was refused.

Plaintiff cites, in support of its position that an equitable assignment was created, the following: *Clatworthy v. Ferguson,* 72 Colo. 259, 265, 210 Pac. 693; *McIntyre v. Hauser,* 131 Cal. 11, 63 Pac. 69; *Machine Co. v. Mercantile Co.,* 74 Colo. 535, 537, 223 Pac. 35.

In *McIntyre v. Hauser, supra,* at the time of the purchase of the cattle by Hauser there was a valid and subsisting mortgage on the property, and the mortgagees consented to the sale provided the proceeds were paid to them

by Hauser. The court held that the lien of the mortgage attached to the proceeds of the sale. The court in its opinion approves of the holding of the court in *Maier v. Freeman*, 112 Cal. 8, 44 Pac. 357, 53 Am. St. Rep. 151.

In the latter case, which grew out of a sale of sheep, the proceeds of the sale to be paid to the mortgagees, the court said: "Now, plainly, by this agreement the mortgagees intended, upon a sale by Nellis (the owner), that title to the sheep should pass to the purchaser free of the lien of their mortgage, and that the proceeds of the sale should be paid to Nellis; and on these facts the lien on the sheep was not translated to the proceeds in the hands of the purchaser."

In the Maier Case the mortgagees appointed Nellis, the owner, as their agent to sell the sheep and turn over the proceeds of the sale to them to be applied upon their mortgage which covered the sheep.

In *Clatworthy v. Ferguson, supra,* it was held that Clatworthy took the assignment subject to valid liens, on the moneys assigned, existing at the time of the assignment; that he had actual notice of a lease between Ferguson, who owned the land upon which the beets were grown, and Engle, as tenant, and of a provision of the lease making the rent a lien "against the crop," and that he also had actual notice of a valid existing mortgage on the crop.

In *Machine Co. v. Mercantile Co., supra,* there was in existence a valid mortgage on the crop at the time the Mercantile Company took its subsequent mortgage, of which the Mercantile Company had actual notice. In that case actual notice was necessary. There could be no constructive notice for the reason that the property was not in existence at the time of the filing of the mortgage.

We call attention to *Moore v. Jacobucci,* 70 Colo. 171, 197 Pac. 1015, where the court cites with approval *Maier v. Freeman, supra,* on the proposition that upon a sale of the mortgaged property with the mortgagee's consent, the mortgage lien does not attach to the proceeds, although it

does not appear what, if any, agreement there was as to the proceeds of the sale.

We do not think that the authorities cited by plaintiff support its contention. It will be observed that in the cases cited where it was held that the lien attached to the proceeds of the sale there was a valid existing mortgage lien on the property at the time of the sale, while here the mortgage lien had ceased to exist long before the sale; the plaintiff, mortgagee, had never taken possession of the property but on the contrary permitted it to remain in possession of the mortgagor, Daubin, and to be sold by him as the owner, without notice of any kind to the purchasers at the sale that the plaintiff had or claimed any lien upon or interest in, the property sold or the proceeds of the sale.

We know of no authority which would justify us in holding, in the circumstances of this case, that the plaintiff had a lien upon the proceeds of the sale, or that, upon any theory, the defendant sustains a liability to the plaintiff.

The judgment of the trial court was right. Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.